IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| INTERSECTIONS INC.<br>and<br>NET ENFORCERS, INC.<br><br>    Plaintiffs and Counter-Defendants,<br>v.<br><br>JOSEPH C. LOOMIS<br><br>    Defendant and Counter-Plaintiff<br><br>and<br><br>JENNI M. LOOMIS<br><br>    Defendant. | Case No. 1:09-cv-00597-LMB-TCB |

## JOINT DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Order entered July 7, 2009 by the Honorable Leonie M. Brinkema, counsel of record for Plaintiffs Intersections Inc. and Net Enforcers, Inc. (collectively, "Plaintiffs") and Defendant and Counterclaimant Joseph C. Loomis and Defendant Jenni M. Loomis (collectively, "Defendants") have conferred and submit the following Joint Discovery Plan.

    1.    **Nature of Claims and Defenses.**  The parties discussed the nature and basis of their claims and defenses.

    2.    **Settlement.**  The parties discussed the possibilities for settlement or resolution of the case, and agree that the case may be susceptible to settlement. Counsel will remain cognizant of that possibility.

1

3. **Initial Disclosures Under Rule 26(a)(1).** The parties agree that initial disclosures will be subsumed in responses to discovery requests and need not be served in this action.

4. **Limitations.** The parties agree that discovery need not be conducted in phases or be limited to or focused on particular issues. The parties shall conduct discovery pursuant to the Federal Rules of Civil Procedure, the Local Rules, and the Court's July 7, 2009 Order. All discovery shall be concluded by December 11, 2009, as set forth in the Court's July 7, 2009 Order. Interrogatories, document requests, and requests for admission shall be served in sufficient time to allow a response prior to the discovery cutoff date. No party may serve on any other party more than 30 interrogatories, including parts and subparts, without leave of the Court, as set forth in the Court's July 7, 2009 Order. The parties agree that each side may take 10 non-party depositions and that in the event of dismissal of any one plaintiff or defendant, each side maintains the right to take 10 non-party depositions.

5. **Expert Disclosures and Discovery.** Expert discovery shall be concluded by December 11, 2009. The parties shall conduct expert disclosures and discovery pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26(D)(2). The Parties' expert disclosures are due on October 16, 2009. Any respective rebuttal disclosures are due on November 13, 2009.

6. **Trial Before Magistrate Judge.** At this time, the parties do not agree to the assignment of this case for trial to a magistrate judge.

**7. Protective Order.** The parties anticipate that information and documents relating to legitimate business interests and other non-public, personal, competitively sensitive, proprietary, trade secret or confidential business information may be sought, produced, or exhibited by and among the parties and third-parties during this litigation. Inappropriate use or

public disclosure of such confidential and proprietary information would be detrimental to the parties as the information could be used to obtain an unfair business advantage and gain a competitive edge. Accordingly, the parties believe that a protective order under Federal Rule of Civil Procedure 26(c) is appropriate in this case. The parties have agreed to a stipulated protective order, which is being submitted to the Court for consideration contemporaneously with this Joint Discovery Plan.

8. **Preservation of Discoverable Information.** Counsel represent that they have made their respective clients aware of their obligations regarding preservation of discoverable information. Plaintiffs have requested that Defendants provide an image of the hard drives on Defendants' computers. Defendants have not agreed.

9. **Electronic Discovery.** The parties recognize their obligation, pursuant to the Federal Rules of Civil Procedure, to preserve and produce, if requested in discovery, all relevant, non-privileged documentation, including electronically-stored information. Counsel have agreed to work cooperatively to resolve any issues concerning the disclosure or discovery of electronically stored information. The parties agree that within five business days of approval of the Joint Discovery Plan, Defendants will provide to Plaintiffs an initial list of custodians and search terms for use in searching documents electronically. The parties will work cooperatively thereafter to determine a final list of custodians and search terms. The parties agree that all files will be produced as TIFF images, Bates numbered with an accompanying load file. Documents produced by Plaintiffs will include a Ringtail load file. Documents produced by Defendants will include a Concordance load file. The parties agree to produce all spreadsheets, PowerPoints, and financial systems, including but not limited to Quickbooks, in both native format and as TIFF images with Bates numbers. The parties also agree to provide the following metadata: to, from,

cc, bcc, date sent/received, subject/re:, extracted text, date created, date modified, date last accessed, beg doc, end doc, beg attach, and end attach.

10. **Subjects On Which Discovery May Be Needed.** The parties agree that discovery may be needed regarding the following subjects: the transaction between the parties in 2007; the conduct of the parties since; and any other issues raised in the pleadings.

11. **Privilege.** The parties will adhere to the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B) with respect to privileged information. The parties' agreement in this regard will be memorialized in the parties' proposed stipulated protective order, which will be submitted to the Court. The parties agree that privilege logs will be produced within 30 days after the production of documents.

12. **Summary Judgment.** The parties cannot determine, at this time, whether any motions for summary judgment will be filed. Should any party determine to file such a motion, the parties will attempt in good faith to agree upon modified briefing deadlines, to present to the Court for approval, that will allow sufficient time for the Court's consideration of the motion in accordance with Local Rule 56(a).

13. **Rule 26(f).** All items required to be discussed by Federal Rule of Civil Procedure 26(f) were discussed.

14. **Final Pre-trial Conference.** The final pre-trial conference will be held on December 17, 2009.

15. **Electronic Service of Documents.** The parties agree that discovery requests or other papers not served via ECF may be served on counsel of record by means of e-mail provided that any and all exhibits and attachments to same are included. The three days additional time provided for under Federal Rules of Civil Procedure 6(d) and 5(b)(2)(E) shall

apply to all documents so served. The e-mail addresses for counsel for Plaintiffs and counsel for Defendants are those set forth below.

SEEN AND AGREED, this 22nd day of July, 2009:

| /S/<br>Tara Lee (Virginia Bar No. 71594)<br>Ryan C. Berry (Virginia Bar No. 67956)<br>DLA PIPER LLP (US)<br>1775 Wiehle Avenue, Suite 400<br>Reston, Virginia 20190<br>Telephone: 703.773.4000<br>Facsimile: 703.773.5000<br>Tara.Lee@dlapiper.com<br>Ryan.Berry@dlapiper.com<br><br>*Counsel for Intersections Inc. and Net Enforcers, Inc.*<br><br>Of Counsel:<br>David Clarke (admitted *pro hac vice*)<br>Michelle J. Dickinson (admitted *pro hac vice*)<br>Melissa R. Roth (admitted *pro hac vice*)<br>DLA PIPER LLP (US)<br>6225 Smith Avenue<br>Baltimore, Maryland 21209<br>Telephone: 410.580.3000<br>Facsimile: 410.580.3001<br>David.Clarke@dlapiper.com<br>Michelle.Dickinson@dlapiper.com<br>Melissa.Roth@dlapiper.com | /S/<br>Rodney F. Page (Virginia Bar No. 12402)<br>William E. Olson (Virginia Bar No. 47251)<br>Jennifer M. Kies (Virginia Bar No. 73102)<br>BRYAN CAVE LLP<br>1155 F Street, NW<br>Washington, DC 20004<br>Telephone: 202.508.6002<br>Facsimile: 202.508.6200<br>rfpage@bryancave.com<br>weolson@bryancave.com<br>jennifer.kies@bryancave.com<br><br>*Counsel for Joseph C. Loomis and Jenni M. Loomis* |

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of July, 2009, the foregoing Joint Discovery Plan will be filed electronically with the Clerk of Court using the CM/ECF System, which will then send notification of such filing (NEF) to, the following:

William E. Olson
Rodney F. Page
Jennifer M. Kies
BRYAN CAVE LLP
1155 F Street, NW
Washington, DC 20004

*Counsel for Defendants Joseph C. Loomis and Jenni M. Loomis*

            /S/ Ryan C. Berry
            Ryan C. Berry, Virginia Bar No. 67956)
            DLA PIPER LLP (US)
            1775 Wiehle Avenue, Suite 400
            Reston, Virginia 20190
            Telephone: 703.773.4000
            Facsimile: 703.773.5000
            Ryan.Berry@dlapiper.com

            *Counsel for Plaintiffs Intersections Inc. and Net Enforcers, Inc.*