IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

INTERSECTIONS INC.
and
NET ENFORCERS, INC.

    Plaintiffs and Counter-Defendants,
v.

JOSEPH C. LOOMIS

    Defendant and Counter-Plaintiff

and

JENNI M. LOOMIS

    Defendant.

Case No. 1:09-cv-00597-LMB-TCB

**PLAINTIFFS/COUNTER-DEFENDANTS INTERSECTIONS INC.'S
AND NET ENFORCERS, INC.'S ANSWER TO COUNTERCLAIM
ASSERTED BY DEFENDANT/COUNTER-PLAINTIFF JOSEPH C. LOOMIS**

In response to the Counterclaim asserted by Joseph C. Loomis ("Loomis"), Plaintiffs/Counter-Defendants Intersections Inc. ("Intersections") and Net Enforcers, Inc. ("NEI" and together, collectively, "Counter-Defendants") state as follows:

**Jurisdiction**

1. Admitted that Loomis' counterclaims arise from Intersections' acquisition of all of Loomis' NEI stock in November 2007. The remaining allegations of paragraph 1 are legal conclusions and therefore are denied.

2. Admitted that the Complaint alleges that Intersections is a Delaware corporation with its principal place of business in Virginia and that NEI is a Florida corporation with its principal place of business in Florida. The remaining allegations of paragraph 2 are denied.

3. Admitted that this Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states. The remaining allegations of paragraph 3 are denied.

## Facts Common to All Counts

4. Admitted.

5. Admitted that by 2007, NEI was engaged in brand protection on the internet and that it was employed by some of the largest companies in the world. The remaining allegations of paragraph 5 are denied.

6. Admitted that Intersections is a publicly-held global provider of consumer and corporate identity risk management and identity theft protection services. Further admitted that Intersections agreed to purchase all of Loomis' stock in NEI and for NEI to employ Loomis as its Chief Executive Officer. The remaining allegations of paragraph 6 are denied.

7. Admitted that Intersections agreed in the Stock Purchase Agreement (the "SPA") that a significant amount of the consideration for the purchase of Loomis' NEI stock came through the form of an Earnout potentially payable to Loomis after the sale if and when NEI met certain Revenue and EBITDA Margin thresholds and subject to full funding of the Holdback Amount. Further admitted that Intersections committed to act in good faith in the management of NEI after the sale so that NEI might meet the Earnout thresholds. The remaining allegations of paragraph 7 are denied.

8. Admitted that Intersections purchased all of Loomis' NEI stock, in part, because it wanted a presence in the corporate brand protection business as an adjunct to its individual credit and identity protection business. Further admitted that Intersections endeavored to grow NEI and to introduce NEI to certain of Intersections' corporate partnerships for that purpose. Further

admitted that Intersections endeavored to make Loomis a key player in the expansion of NEI. The remaining allegations of paragraph 8 are denied.

9. Admitted that NEI terminated Loomis for cause from his position as Chief Executive Officer of NEI less than one year after he sold his NEI stock to Intersections. The remaining allegations of paragraph 9 are denied.

10. Denied.

**The Stock Purchase Agreement and the Employment Agreement**

11. Admitted.

12. Denied.

13. Admitted that after Intersections acquired Loomis' NEI stock, NEI named Loomis Chief Executive Officer of NEI pursuant to the Employment Agreement dated November 30, 2007, by and between NEI and Loomis and that a copy of the Employment Agreement is attached to the Complaint as Exhibit 2. The remaining allegations of paragraph 13 are denied.

14. The Employment Agreement is a written document. To the extent that the allegations in paragraph 14 are inconsistent with or characterize the terms of the written document, they are denied.

15. The Employment Agreement is a written document. To the extent that the allegations in paragraph 14 are inconsistent with or characterize the terms of the written document, they are denied.

16. Admitted that the first anniversary of the stock option grant was November 30, 2008, a year after the date of Closing. The remaining allegations of paragraph 16 are denied.

17. The Employment Agreement is a written document. To the extent that the allegations in paragraph 14 are inconsistent with or characterize the terms of the written document, they are denied.

18. The SPA is a written document. To the extent that the allegations in paragraph 18 are inconsistent with or characterize the terms of the written document, they are denied.

19. The SPA is a written document. To the extent that the allegations in paragraph 18 are inconsistent with or characterize the terms of the written document, they are denied.

20. The SPA is a written document. To the extent that the allegations in paragraph 18 are inconsistent with or characterize the terms of the written document, they are denied.

21. The SPA is a written document. To the extent that the allegations in paragraph 14 are inconsistent with or characterize the terms of the written document, they are denied.

**Intersections Changes Strategy**

22. Admitted that Intersections saw the potential for growing NEI in international markets. Further admitted that Michael Stanfield, as CEO of Intersections, agreed to and did introduce Loomis, as CEO of NEI, to Control Risks, a partner of Intersections. The remaining allegations of paragraph 22 are denied.

23. Admitted that at the time of Intersections' acquisition of Loomis' NEI stock, Michael Stanfield, as CEO of Intersections, was positive about the financial prospects for Intersections. The unidentified public statements presumably are written documents. To the extent that the allegations in paragraph 23 are inconsistent with or characterize the terms of the written document, they are denied.

24. The Corporate Update attached as an exhibit to the June 10, 2008 8-K filed by Intersections with the Securities and Exchange Commission and quoted by Loomis in paragraph

24 is a written document. To the extent the allegations in paragraph 24 are inconsistent with or characterize terms of the written document, they are denied.

25. The Corporate Update attached as an exhibit to the June 10, 2008 8-K filed by Intersections with the Securities and Exchange Commission and quoted by Loomis in paragraph 25 is a written document. To the extent the allegations in paragraph 25 are inconsistent with or characterize terms of the written document, they are denied.

26. Admitted that the recession impacted Intersections in 2008. Further admitted that Intersections revised its strategic plan for the Business Services Unit, of which NEI was a part, in 2008. The remaining allegations of paragraph 26 are denied.

27. The alleged October 6, 2008 email is a written document. To the extent the allegations in paragraph 28 are inconsistent with or characterize terms in the written document, they are denied.

28. Denied.

**Intersections Interferes with Management of NEI**

29. Admitted that Michael Stanfield told Loomis that, as CEO of NEI, he would be given the authority to manage NEI as appropriate for a subsidiary of a publicly traded company. Further admitted that John Scanlon denied Loomis' request to hire a specific public relations firm. The remaining allegations of paragraph 29 are denied.

30. Denied.

31. Admitted that John Scanlon, COO of Intersections, assumed responsibility for NEI, as NEI's Chairman, after Intersections acquired all of Loomis' stock in NEI. The remaining allegations of paragraph 31 are denied.

32. The October 20, 2008 and October 27, 2008 letters referenced in paragraph 32 are written documents. To the extent that the allegations in paragraph 32 are inconsistent with or characterize the terms of the written documents, they are denied.

33. The November 19, 2008 letter referenced in paragraph 33 is a written document. To the extent the allegations in paragraph 33 are inconsistent with or characterize the terms of the written document, they are denied.

34. Admitted that Loomis Enterprises is a custom home builder located in Phoenix, Arizona. Further admitted that Loomis is the Chairman of Loomis Enterprises. The remaining allegations of paragraph 34 are denied.

35. Denied.

36. Denied.

37. Denied.

### Count 1: Breach of Contract

38. Counter-Defendants' responses to paragraphs 1 through 37 of the Counterclaim are incorporated as if fully stated herein.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## Count 2: Breach of Contract

45. Counter-Defendants' responses to paragraphs 1 through 44 of the Counterclaim are incorporated as if fully stated herein.

46. The Employment Agreement is a written document. To the extent the allegations in paragraph 46 are inconsistent with or characterize the terms of the written document, they are denied.

47. Admitted that Loomis was terminated for cause on November 19, 2008. The remaining allegations of paragraph 47 are denied.

48. Denied.

49. Denied.

50. Denied.

## Count 3: Breach of Contract

51. Counter-Defendants' responses to paragraphs 1 through 50 of the Counterclaim are incorporated as if fully stated herein.

52. The SPA is a written document. To the extent that allegations in paragraph 52 are inconsistent with or characterize the terms of the written document, they are denied.

53. Denied.

54. Denied.

55. Denied.

56. Admitted that Loomis is bound by the restrictive covenants he agreed to in the Employment Agreement. The remaining allegations of paragraph 56 are denied.

### Count 4: Breach of Duty of Good Faith and Fair Dealing

57. Counter-Defendants' responses to paragraphs 1 through 56 of the Counterclaim are incorporated as if fully stated herein.

58. The allegations of paragraph 58 are a legal conclusion. To the extent a response is required, they are denied.

59. Denied.

### AFFIRMATIVE DEFENSES

#### First Defense

The Complaint fails to state a cause of action upon which relief can be granted.

#### Second Defense

Counter-Defendants generally deny liability.

#### Third Defense

Loomis has failed to mitigate any injuries or damages he purportedly has sustained.

#### Fourth Defense

Loomis is barred from any recovery by the doctrine of waiver.

#### Fifth Defense

Loomis is barred from any recovery by the doctrine of estoppel.

#### Sixth Defense

Loomis is barred from any recovery by the doctrine of laches.

#### Seventh Defense

Loomis is barred from any recovery by the failure of consideration.

#### Eighth Defense

Loomis is barred from any recovery by the doctrine of unclean hands.

<u>Ninth Defense</u>

Loomis is barred from any recovery by the Statute of Frauds.

<u>Tenth Defense</u>

Loomis is barred from any recovery by the doctrine of release.

<u>Eleventh Defense</u>

Loomis is barred from any recovery by the doctrine of setoff or recoupment.

<u>Twelfth Defense</u>

Loomis' alleged damages cannot be upheld as a matter of law.

<u>Thirteenth Defense</u>

Counter-Defendants reserve the right to plead other Affirmative Defenses that may become known during Discovery in this action.


Respectfully submitted,

Dated: July 22, 2009        /S/ Ryan C. Berry
Tara Lee (Virginia Bar No. 71594)
Ryan C. Berry (Virginia Bar No. 67956)
DLA PIPER LLP (US)
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Telephone: 703.773.4000
Facsimile: 703.773.5000
Tara.Lee@dlapiper.com
Ryan.Berry@dlapiper.com

Of Counsel:
David Clarke (admitted *pro hac vice*)
Michelle J. Dickinson (admitted *pro hac vice*)
Melissa R. Roth (admitted *pro hac vice*)
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone: 410.580.3000
Facsimile: 410.580.3001
David.Clarke@dlapiper.com
Michelle.Dickinson@dlapiper.com
Melissa.Roth@dlapiper.com

*Attorneys for Intersections Inc. and
   Net Enforcers, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July 2009, I caused the foregoing Plaintiffs/Counter-Defendants Intersections Inc.'s and Net Enforcers, Inc.'s Answer To Counterclaim Asserted By Defendant/Counter-Plaintiff Joseph C. Loomis to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Rodney F. Page
    William E. Olson
    Jennifer M. Kies
    BRYAN CAVE LLP
    1155 F Street, NW
    Washington, DC 20004

    *Counsel for Defendants Joseph C. Loomis and Jenni M. Loomis*

    <u>/S/ Ryan C. Berry</u>
    Ryan C. Berry, Virginia Bar No. 67956)
    DLA PIPER LLP (US)
    1775 Wiehle Avenue, Suite 400
    Reston, Virginia 20190
    Telephone: 703.773.4000
    Facsimile: 703.773.5000
    Ryan.Berry@dlapiper.com

    *Counsel for Plaintiffs Intersections Inc. and Net Enforcers, Inc.*