UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| INTERSECTIONS INC.<br>and<br>NET ENFORCERS, INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>JOSEPH C. LOOMIS<br>and<br>JENNI M. LOOMIS,<br><br>  Defendant. | Civil Action No. 1:09CV597<br>LMB/TCB |

## ANSWER AND GROUNDS OF DEFENSE FOR DEFENDANT JENNI M. LOOMIS

Defendant Jenni M. Loomis says for her Answer and Grounds of Defense to the Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief may be granted. Specifically, any claims of fraud or conspiracy are insufficient as a matter of law, lack particularity, and do not satisfy the rule of pleading.

### Second Defense

The allegations of diversity of citizenship are denied. This court does not have subject matter jurisdiction over this dispute on that basis.

### Third Defense

In response to the specific allegations of the Complaint, Defendant Jenni M. Loomis makes a general denial of all allegations pursuant to Rule 8(b)(3). Without waiving that general

denial, Defendant also responds to the numbered paragraphs of the Complaint as follows below. Defendant's denials include those denials based on Plaintiffs' characterization of a transaction and documents to which this Defendant was not a party, of documents which speak for themselves, and characterizations of Plaintiffs' own or the other Defendant's actions or intent.

1. Admitted.

2. Admitted that Defendant was for a period of time an agent and independent contractor working as bookkeeper for NEI, but otherwise denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied, except that Defendant Jenni Loomis admits she received a year end bonus after the closing in the amount of $4,000.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied, except that Defendant Jenni Loomis admits that she transmitted certain information to Intersections at the direction of her employer.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. The responses to paragraphs 1 through 56 are incorporated here by reference.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. The responses to paragraphs 1 through 63 are incorporated here by reference.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. The allegations of paragraphs 1 through 68 are incorporated here by reference.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. The allegations of paragraphs 1 through 74 are incorporated here by reference.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. The allegations of paragraphs 1 through 80 are incorporated here by reference.

82. Denied.

83. Denied.

84. Denied.

85. The allegations of paragraphs 1 through 84 are incorporated here by reference.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. The allegations of paragraphs 1 through 89 are incorporated here by reference.

91. Denied.

92. Denied.

93. Denied.

94. The allegations of paragraphs 1 through 93 are incorporated here by reference.

95. Denied.

96. Denied.

97. Denied.

**<u>Fourth Defense</u>**

By their conduct toward Defendant Jenni M. Loomis, Plaintiffs have waived or are estopped to asset these claims.

**<u>Fifth Defense</u>**

All allegations of conspiracy against this Defendant are specifically denied, and Jenni M. Loomis avers that she was an agent and independent contractor of NEI paid based on hours worked; that she had no management authority or control over NEI or its shareholder; that she performed ministerial functions only; that she had no financial interest in NEI or in the transaction alleged in the Complaint; and that she remained an agent and independent contractor for a period of time after closing of the transaction at the request of Plaintiffs. As a matter of

law, there can be no conspiracy between a principal and an agent performing ministerial tasks in the course of her employment.

WHEREFORE, Defendant Jenni M. Loomis demands that the Complaint be dismissed as to her with prejudice and that costs of this action and attorneys fees be assessed against Plaintiffs.

Respectfully Submitted,

Jenni M. Loomis

By Counsel

BRYAN CAVE LLP
1155 F Street, NW
Washington, DC 20004
Tel.: (202) 508-6002
Fax: (202) 508-6200
rfpage@bryancave.com
weolson@bryancave.com
jennifer.kies@bryancave.com


/sWilliam E. Olson_____
Rodney F. Page (VSB #12402)
William E. Olson (VSB #47251)
Jennifer M. Kies (VSB #73102)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of July 2009, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Ryan C. Berry
>Tara Lee
>DLA PIPER LLP (US)
>1775 Wiehle Avenue, Suite 400
>Reston, VA 20190
>
>*Counsel for Plaintiffs Intersections, Inc. and Net Enforcers, Inc.*
>
>
>/s William E. Olson
>William E. Olson, VA Bar. No. 47251
>Bryan Cave LLP
>1155 F Street, NW
>Washington, D.C. 20005-3960
>Telephone: (202) 508-6000
>Facsimile: (202) 508-6200
>weolson@bryancave.com
>
>*Counsel for Defendant Jenni M. Loomis*