**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| Intersections Inc. and Net Enforcers, Inc.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Joseph C. Loomis and Jenni M. Loomis,<br><br>    Defendants. | Civil Action No.  1:09CV597 (LMB/TCB) |

**MEMORANDUM IN SUPPORT OF
<u>INTERSECTIONS INC.'S MOTION TO COMPEL DISCOVERY</u>**

Plaintiff Intersections Inc. ("Intersections") moves to compel Defendant Jenni M. Loomis ("Ms. Loomis") to produce all documents responsive to the First Request for Production of Documents served by Intersections on August 4, 2009 and to compel Defendant Joseph C. Loomis ("Loomis") to produce a load file containing all of the metadata required by the Court-approved Discovery Plan in this case.  Loomis and his sister, Ms. Loomis, (collectively, "Defendants") have failed to comply with their discovery obligations.  Intersections' counsel certifies that it has made good faith efforts pursuant to Local Rule 37(E) to confer with Defendants' counsel to obtain the required discovery without burdening the Court with a motion to compel.  *See* Declaration of Michelle J. Dickinson ("Declaration") attached as Exhibit 1. Unfortunately, however, Intersections' efforts have been largely unsuccessful.  As more fully described in the Motion for Protective Order filed contemporaneously herewith and incorporated by reference herein, Defendants and their counsel have subjected Intersections, its co-Plaintiff Net Enforcers, Inc. ("NEI") (collectively, "Plaintiffs"), and their counsel to nothing short of

EAST\42592914.1

harassment and intimidation as they have distracted and stalled their way through discovery, adeptly avoiding a motion to compel by making empty eleventh-hour promises to prevent the filing of a motion to compel. As a last resort, Intersections calls upon this Court for relief.

## I. INTRODUCTION AND BACKGROUND

This case arises out of Loomis' sale of all his NEI stock to Intersections in November 2007 and his subsequent employment by NEI as its Chief Executive Officer. NEI was a closely-held corporation co-founded by Loomis. Ms. Loomis was NEI's bookkeeper and is Loomis' sister. Together, Defendants defrauded Intersections out of over $14 million dollars in connection with Intersections' acquisition of NEI's stock by providing Intersections with false financials and customer base information. Then, instead of running the company, as promised, Loomis turned his time and energy to starting up and running other companies – using NEI assets – in breach of his employment agreement and fiduciary duties. It was not until Loomis' breach was discovered, he was suspended, and an investigation was launched, that Defendants' fraudulent scheme began to come to light. In a last-ditch, desperate effort to conceal the fraud after NEI suspended him and denied him access to its offices and computer system, Loomis unlawfully accessed NEI's central computer server by intimidating an employee into providing him remote access and then destroyed company data. Loomis also caused his brother to steal from NEI's offices a computer tower containing hard drives with additional company data, which he now claims have been destroyed. This prompted the termination of Loomis for cause, a deeper investigation into NEI's financials and Loomis' conduct, and ultimately led to this lawsuit.

This particular discovery matter arises out of Ms. Loomis' failure to produce any documents in response to the First Request for Documents served on her by Intersections on

August 4, 2009 and Loomis' failure to produce a proper load file containing certain critical metadata agreed to by the parties and required by the Discovery Plan.

On July 27, 2009, this Court approved the parties' Discovery Plan which provides that the parties will produce electronic documents in the following format:

> The parties agree that all files will be produced as TIFF images, Bates numbered with an accompanying load file. Documents produced by Plaintiffs will include a Ringtail load file. Documents produced by Defendants will include a Concordance load file. The parties agree to produce all spreadsheets, PowerPoints, and financial systems, including but not limited to Quickbooks, in both native format and as TIFF images with Bates numbers. The parties also agree to provide the following metadata: to, from, cc, bcc, date sent/received, subject/re:, extracted text, date created, date modified, date last accessed, beg doc, end doc, beg attach, and end attach.

*See* Discovery Plan attached as Exhibit 2.

On August 4, 2009, Intersections served upon Defendants its First Requests for Production of Documents ("Document Requests"). *See* Declaration, Exhs. A and B. On or about August 19, 2009, Intersections' counsel and Defendants' then-counsel, Bryan Cave, LLP, agreed to extend the deadline for producing documents in light of the parties' ongoing efforts to establish reasonable search terms and the expectation that Intersections and NEI would have to review a large volume of electronic documents. The parties agreed to produce documents on a rolling basis. *See Id.*, Exh. C.

On August 24, 2009, Defendants served Objections and Responses to the Document Requests. *See Id.*, Exhs. D and E. Defendants' counsel withdrew their appearance shortly thereafter and current counsel, Hunter, Humphrey and Yavitz, entered their appearance.[1]  *See Id.* at ¶ 5.

Beginning on September 18, 2009, Intersections and NEI produced documents on a

---

[1] Dunlap, Grubb & Weaver, PC also entered their appearance as local counsel but have not been involved in the discovery issues in this case. *See Id.*

rolling basis, as per the parties' agreement. Specifically, Intersections and NEI produced 3,745 documents on September 18, 2009; 9,706 documents on September 25, 2009; 1,142 documents on October 2, 2009; 1,227 documents on October 9, 2009; and 3,028 documents on October 16, 2009. *See Id.* at ¶ 6.

By email dated September 16, 2009, Intersections' counsel asked Defendants' counsel when they would begin producing documents. *Id.*, Exh. F. Defendants' counsel did not respond. *See id.* at ¶ 7. However, Defendants' counsel did advise in an email the next day, September 17, 2009, that Loomis had given them DVDs containing documents that they would produce "in the course of discovery." *Id.,* Exh. G. Defendants did not, however, produce any such documents. Thus, by email dated October 1, 2009, Intersections' counsel again inquired as to when Defendants expected to produce documents. *Id.*, Exh. H. Defendants' counsel did not respond. *Id*. at ¶8. By email dated October 5, 2009, Intersections' counsel attempted to arrange a telephonic conference pursuant to Local Civil Rule 37(E) to discuss, among other discovery issues, Defendants' failure to produce any documents in response to the Document Requests. *Id.*, Exh. I. The next day, on October 6, 2009, Defendants' counsel responded that "Joe [Loomis] has been working with a vendor in Canada on the document conversions, but they are having a problem with his Outlook files" and suggested that Intersections accept Loomis' documents in native format, as opposed to the format required by the Court-approved Discovery Plan, and propose a plan for document control. *Id.*, Exh. J. Defendants' Counsel provided no information regarding the status of Ms. Loomis' document production. *Id*. In response, on the same day, Intersections' counsel expressed its continued concern that, among other things, no documents had been produced by either Defendant and that no reason had been offered as to why Ms. Loomis had not produced any documents. *Id.*, Exh. K. Intersections thus *again* requested a

telephonic conference with Defendants' counsel regarding this issue. *Id.* Defendants' counsel refused to participate in such a conference until she finished responding to the outstanding discovery issues in writing, but offered to reserve time on the afternoon of October 8, 2009 to discuss any remaining discovery issues. *Id.*, Exh. L.

Defendants' counsels' written responses did not resolve the issue of Defendants' failure to produce any documents. Accordingly, the parties held a telephonic conference on Thursday, October 8, 2009 to address several outstanding discovery issues, including Defendants' failure to produce even a single document in response to the Document Requests, which had been served two months earlier. During that conversation, Defendants' counsel indicated that it was "reasonable [for Intersections' counsel] to expect" to receive all of Defendants' documents in response to the Document Requests by October 13, 2009. *Id.*, Exh. M. Accordingly, Intersections did not file a motion to compel.

Defendants, however, did not produce any documents. By email dated October 14, 2009, Intersections' counsel *again* inquired as to when Defendants would produce documents. *Id.*, Exh. N. By email response that evening, Defendants' counsel indicated that she was "told that [she] should have the disks in [her] office by Friday [October 16]," thus, precluding Intersections' counsel from filing a motion to compel on Friday. *Id.*, Exh. O. By email that same day, Intersections' counsel advised that if Defendants did not produce the documents by Monday, October 19, 2009, Intersections would seek the assistance of the Court. *Id.*, Exh. P.

Intersections finally received documents from Defendants' counsel on Monday, October 19, 2009. *Id.*, Exh. Q. Upon analysis of the electronic files, Intersections' counsel determined that Defendants had not produced a load file containing the proper metadata. Specifically, the load file did not include a "beg doc" field or an "extracted text" field. *Id.* at ¶ 17. Without the

"extracted text" field, Intersections could not search the documents. *Id*. Defendants also did not provide a link between the native files and their corresponding production bates numbers, such that there is no easy way to determine which native file corresponds to a particular tiff image. *Id.* Further, the letter enclosing the disks did not indicate whether the production included documents from *both* Defendants or just Loomis. Accordingly, by a letter sent by email dated October 21, 2009, Intersections' counsel requested confirmation that the documents produced included documents collected from Ms. Loomis and requested that the parties confer pursuant to Local Civil Rule 37(E) regarding the missing metadata on the load files. *Id.*, Exh. R. Defendants' counsel did not respond. *Id. at* ¶ 18. Intersections' counsel thus sent an email providing the time for a telephonic conference for the next day. *Id.*, Exh. S. Intersections' counsel called Defendants' counsel at the dedicated time on October 22, 2009. *Id.* at ¶ 19. During that conference, Defendants' counsel indicated that she had learned from Loomis that the document production only included his documents and that Ms. Loomis had not produced any documents at all. *Id.* When asked why Ms. Loomis had not produced any documents, Defendants' counsel indicated that Loomis told her that Ms. Loomis had misunderstood her discovery obligations as explained to them by her brother, Loomis. *Id.* Intersections' counsel suggested that Defendants' counsel should be involved in the document collection, review, and production process, at which time Defendants' counsel hung up the telephone. *Id.*

Intersections' counsel then sent a letter by email to Defendants' counsel indicating their need to continue the meet and confer in order to discuss the deficiencies in Loomis' document production and offering to be available for a call that afternoon to discuss. *Id.*, Exh. T. Defendants' counsel advised by email that afternoon that Loomis had overnighted the proper load file to Defendants' counsel. *Id.*, Exh. U. Defendants' counsel did not respond, however,

when Intersections' counsel requested that they overnight the load file to Intersections' counsel for Saturday delivery. *Id.*, Exh. V.

## II. DEFENDANTS SHOULD BE COMPELLED TO PRODUCE DOCUMENTS AND A PROPER LOAD FILE IMMEDIATELY

Defendants were served with Document Requests on August 4, 2009. It is now two-and-a-half months later, and Ms. Loomis has not produced a single document and has not offered a meaningful excuse as to why. Loomis just finally produced documents on October 19, 2009, but with a load file missing critical metadata. Intersections' counsel has given Defendants every opportunity to settle this discovery dispute. In response, as explained in Intersections' and NEI's Motion for Protective Order, Defendants' counsel and Loomis have used every available tactic to distract Intersections' counsel from its pursuit of discovery through threats of criminal prosecution, threats of bar sanctions, berating emails, screaming phone calls, and then as a stall technique, eleventh-hour promises to produce documents to prevent the filing of a motion to compel. Discovery ends on December 11, 2009. Depositions begin next week. Defendants have failed to comply with Intersections' reasonable discovery requests. If Defendants do not produce their documents or a proper load file immediately, Intersections will be entirely precluded from using their production in any meaningful way. As such, Intersections immediately needs all of the non-privileged, responsive documents that Ms. Loomis possesses in the format required by the Discovery Order and a proper load file for Loomis' documents.

## III. INTERSECTIONS IS ENTITLED TO ATTORNEYS' FEES AND COSTS

Rule 37(a)(4) of the Federal Rules of Civil Procedure provides for the award of attorneys' fees and costs in matters just such as this. Specifically, the Rule provides that where a motion to compel is granted or if the disclosure or requested discovery is provided after the motion is filed:

…the court shall, after affording an opportunity to be heard, require the party . . .

>whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Thus, the Rule "requires that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified." Fed. R. Civ. P. 37 Advisory Committee Note (1970 Amendment). As demonstrated above, Defendants' delay tactics and failure to produce documents and a proper load file are entirely unjustified. Accordingly, Intersections is entitled to its attorneys' fees and costs incurred in connection with this motion.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Intersections respectfully requests that the Court grant its Motion to Compel Discovery and award its attorneys' fees and costs.

Dated: October 23, 2009                     Respectfully submitted,

By: _____/s/_____
Tara Lee (Virginia Bar No. 71594)
Ryan C. Berry (Virginia Bar No. 67956)
Attorneys for Plaintiffs
DLA PIPER LLP (US)
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Telephone: 703.773.4000
Facsimile: 703.773.5000
Tara.Lee@dlapiper.com
Ryan.Berry@dlapiper.com

        David Clarke (admitted *pro hac vice*)
        Michelle J. Dickinson (admitted *pro hac vice*)
        Melissa R. Roth (admitted *pro hac vice*)
        DLA Piper LLP (US)
        6225 Smith Avenue
        Baltimore, Maryland 21209
        Telephone:  410.580.3000
        Facsimile:   410.580.3001
        David.Clarke@dlapiper.com
        Michelle.Dickinson@dlapiper.com
        Melissa.Roth@dlapiper.com

        *Attorneys for Plaintiffs*
        *Intersections Inc. and Net Enforcers, Inc.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2009, I caused the foregoing Memorandum in Support of Intersections Inc.'s Motion to Compel Discovery to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Thomas M. Dunlap, Esquire
>Email" tdunlap@dglegal.com
>David Ludwig, Esquire
>Email: dludwig@dglegal.com
>Dunlap, Grubb & Weaver P.C.
>199 Liberty Street, S.W.
>Leesburg, Virginia 20175

And I hereby certify that I will electronically mail the document to the following non-filing users:

>Randy Yavitz
>Email: yavitz@hhylaw.com
>Candess J. Hunter
>Email: candess@hhylaw.com
>Isabel M. Humphrey
>Email: isabel@hhylaw.com
>Hunter Humphrey & Yavitz, PLC
>2633 E. Indian School Road, Ste. 440
>Phoenix, Arizona 85016

*Counsel for Defendants Joseph C. Loomis and Jenni M. Loomis*

>/s/
>Tara Lee (Virginia Bar No. 71594)
>DLA PIPER LLP (US)
>1775 Wiehle Avenue, Suite 400
>Reston, Virginia 20190
>Telephone: 703.773.4000
>Facsimile: 703.773.5000
>Tara.Lee@DLAPiper.com
>
>*Counsel for Plaintiffs Intersections Inc. and Net Enforcers, Inc.*