# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Intersections Inc. and Net Enforcers, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Joseph C. Loomis and Jenni M. Loomis, <br><br> Defendants. | Civil Action No. 1:09CV597 (LMB/TCB) |

### DECLARATION OF MICHELLE J. DICKINSON

I, Michelle J. Dickinson, Esquire, hereby declare:

1. I am a partner with the law firm of DLA Piper LLP (US) in Baltimore, Maryland. I have been practicing law with DLA Piper since 1998. I am the lead litigation attorney handling discovery in the above-referenced litigation on behalf of Plaintiffs Intersections Inc. ("Intersections") and Net Enforcers, Inc. ("NEI").

2. On August 4, 2009, Intersections served upon Defendants its First Requests for Production of Documents ("Document Requests"). *See* Exhs. A and B.

3. On or about August 19, 2009, I spoke with Defendants' then-counsel, Will Olson of Bryan Cave, LLP regarding discovery responses. We agreed to extend the deadline for producing documents in light of the parties' ongoing efforts to establish reasonable search terms and the expectation that Intersections and NEI would have to review a large volume of electronic documents. We also agreed to produce documents on a rolling basis. *See* Exh. C.

4. On August 24, 2009, Defendants served Objections and Responses to the Document Requests. *See* Exhs. D and E.

5. Bryan Cave, LLP, Defendants' counsel, withdrew their appearance shortly

thereafter and current counsel, Hunter, Humphrey & Yavitz, PLC, entered their appearance. Dunlap, Grubb & Weaver, PC also entered their appearance as local counsel but have not been involved in the discovery issues in this case.

6. Beginning on September 18, 2009, Intersections and NEI produced documents on a rolling basis, as per the parties' agreement. Specifically, Intersections and NEI produced 3,745 documents on September 18, 2009; 9,706 documents on September 25, 2009; 1,142 documents on October 2, 2009; 1,227 documents on October 9, 2009, and 3,028 documents on October 16, 2009.

7. By email dated September 16, 2009, I asked Defendants' counsel when they would begin producing documents. *See* Exh. F. Defendants' counsel did not respond. However, Defendants' counsel did advise in an email the next day, September 17, 2009, that Loomis had given them DVDs containing documents that they would produce "in the course of discovery." *Id.*, Exh. G.

8. By email dated October 1, 2009, I again inquired as to when Defendants expected to produce documents. *See* Exh. H. Defendants' counsel did not respond.

9. By email dated October 5, 2009, I attempted to arrange a telephonic conference pursuant to Local Civil Rule 37(E) to discuss, among other discovery issues, Defendants' failure to produce any documents in response to the Document Requests. *See* Exh. I.

10. The next day, on October 6, 2009, Defendants' counsel responded that "Joe [Loomis] has been working with a vendor in Canada on the document conversions, but they are having a problem with his Outlook files" and suggested that Intersections accept Loomis' documents in native format, as opposed to the format required by the Court approved Discovery Plan and that Intersections' counsel propose a plan for document control. *See* Exh. J.

Defendants' counsel provided no information regarding the status of Ms. Loomis' document production. *Id.*

11. In response, on the same day, I expressed my continued concern that, among other things, no documents had been produced by either Defendant and that no reason had been offered as to why Ms. Loomis had not produced any documents. *See* Exh. K. I thus *again* requested a telephonic conference with Defendants' counsel regarding this issue. *Id.*

12. Defendants' counsel refused to participate in such a conference until she had finished responding to the outstanding discovery issues in writing, but offered to reserve time on the afternoon of October 8, 2009 to discuss any remaining issues. *See* Exh. L.

13. Defendants' counsel's written responses did not resolve the issue of Defendants' failure to produce any documents. Accordingly, we held a telephonic conference on Thursday, October 8, 2009 to address several outstanding discovery issues, including Defendants' failure to produce documents in response to the Document Requests, which had been served two months earlier. During that conversation, Defendants' counsel indicated that it was "reasonable [for Intersections' counsel] to expect" to receive all of Defendants' documents in response to the Document Requests by October 13, 2009. *See* Exh. M. Accordingly, we did not file a motion to compel.

14. Defendants, however, did not produce any documents. By email dated October 14, 2009, I again inquired as to when Defendants would produce documents. *See* Exh. N.

15. By e-mail response that evening, Defendants' counsel indicated that she was "told that [she] should have the disks in [her] office by Friday [October 16]." *See* Exh. O.

16. By email that same day, I advised that if Defendants did not produce the documents by Monday, October 19, 2009, Intersections would seek the assistance of the Court.

*See* Exh. P.

17. Intersections finally received documents from Defendants' counsel on Monday, October 19, 2009. *See* Exh. Q. Upon analysis of the electronic files, we determined that Defendants had not produced a load file containing the proper metadata. Specifically, the load file did not include a "beg doc" field or an "extracted text" field. Without the "extracted text" field, Intersections could not search the documents. Defendants also did not provide a link between the native files and their corresponding production bates numbers, such that there is no easy way to determine which native file corresponds to a particular tiff image. Further, the letter enclosing the disks did not indicate whether the production included documents from *both* Defendants or just Loomis.

18. Accordingly, by letter dated October 21, 2009 and sent by email, I requested confirmation that the documents produced included documents collected from Ms. Loomis and requested that the parties confer pursuant to Local Civil Rule 37(E) regarding the missing metadata on the load files. *See* Exh. R. Defendants' counsel did not respond. I thus sent an email providing the time for a telephonic conference for the next day. *See* Exh. S.

19. The next day, on October 22, 2009, I called Defendants' counsel at the dedicated time. During that conference, Defendants' counsel indicated that she had learned from Loomis that the document production only included his documents and that Ms. Loomis had not produced any documents at all. When asked why Ms. Loomis had not produced any documents, Defendants' counsel indicated that Loomis told her that Ms. Loomis had misunderstood her discovery obligations as explained to them by her brother. I respectfully suggested that Defendants' counsel should be involved in the document collection, review, and production process, at which time Defendants' counsel hung up on me.

4

20. I then sent a letter by email to Defendants' counsel indicating our need to continue the meet and confer in order to discuss the deficiencies in Loomis' document production and offering to be available for a call that afternoon to discuss. *See* Exh. T.

21. Defendants' counsel advised by email that afternoon that Loomis had overnighted the proper load file to them. *See* Exh. U. Defendants' counsel did not respond, however, when I requested that they overnight the load file to me for Saturday delivery. *See* Exh. V.

22. Discovery in this case ends on December 11, 2009. Depositions begin next week. If Defendants do not produce their documents or a proper load file immediately, Intersections will be entirely precluded from using their production in any meaningful way. As such, Intersections immediately needs all of the non-privileged, responsive documents that Ms. Loomis possesses in the format required by the Discovery Order and a proper load file for Loomis' documents.

I declare under penalty of perjury under the laws of the State of Virginia and the United States that the foregoing is true and correct and that this document is executed on October 23, 2009 in Baltimore, Maryland.

_____
Michelle J. Dickinson

EAST\42593461.1