# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| INTERSECTIONS INC. <br> and <br> NET ENFORCERS, INC. <br><br>　　　Plaintiffs and Counter-Defendants, <br> v. <br><br> JOSEPH C. LOOMIS <br><br>　　　Defendant and Counter-Plaintiff <br><br> and <br><br> JENNI M. LOOMIS <br><br>　　　Defendant. | Case No. 1:09-cv-00597-LMB-TCB |

### INTERSECTIONS INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOSEPH C. LOOMIS

Plaintiff/Counter-Defendant Intersections Inc., pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant/Counter-Plaintiff Joseph C. Loomis ("Defendant") produce the following documents in accordance with the definitions and instructions set forth below and in accordance with the Federal Rules of Civil Procedure and Local Rules.

### INSTRUCTIONS AND DEFINITIONS

1.　　These requests for production of documents are continuing in character and require defendant to supplement his production if he obtains additional, responsive documents at a later time.

2.　　The documents to be produced are those described below that are in the possession, custody, or control of Defendant and his agents, employees, attorneys, accountants, or other representatives.

1

EAST\42501117.1

3. If any document requested herein is claimed to be privileged or otherwise not producible or subject to disclosure, identify the document (stating title, author, date, type of document, addressee(s), and recipient(s)); state the basis for the claim of privilege or other ground for exclusion in sufficient detail so as to permit a court to adjudicate the validity of the refusal to produce the document; and identify all persons who have had access to the document or the information contained therein and all persons who have possession of the document.

4. If any document otherwise subject to production pursuant to these requests has been destroyed or discarded, for each such document, provide the title, author, date, type of document (*e.g.*, letter, memorandum), addressee(s) and recipient(s), the date on which it was destroyed or discarded, and the reason for destroying or discarding the document.

5. "Document" means any and all material that is written, printed, typed, photographed, recorded (electrically, electronically, magnetically, graphically, or otherwise) or which is capable of being recorded in any form, and is subject to production under Rule 34 of the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, facsimile transmissions, memoranda, notes, notations, workpapers, manuscripts, logs, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, electronic mail messages ("e-mail"), instant electronic messages, computer files, computer printouts, data

processing program libraries, data processing input and output, microfilm, books of accounts, records and invoices reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, all things similar to any of the foregoing, however denominated, and any non-identical copies of such documents (*i.e.*, those bearing notations or marks not found on the original document). The term also includes any and all files and information from any computer, notebook, or laptop computer, personal digital assistant (e.g., Blackberry, Palm Pilot), cellular phone, personal music player (e.g., iPod), file server, minicomputer, mainframe computer, or other storage device, including, but not limited to, hard disk drives, "flash" or "zip" drives, or backup or archival tapes (whether stored on-site or at an off-site storage facility) containing information or data of any type. The term encompasses all forms and manifestations of electronically-stored and/or retrieved electronic information, including, but not limited to, e-mail. It also includes all relevant files that are still on the storage media, but that are erased but recoverable.

6. All electronic documents should be produced in the format agreed upon by the parties.

7. "You" or "your" means Joseph C. Loomis, together with your agents, employees, representatives, attorneys, and all persons acting on your behalf.

8. "Intersections" means Intersections Inc. and each of its agents, employees, representatives, attorneys, and all persons acting on its behalf.

9. "NEI" means Net Enforcers, Inc. and each of its agents, employees, representatives, attorneys, and all persons acting on its behalf.

10. "Jenni Loomis" means Defendant Jenni M. Loomis.

11.  "Action" means the case styled as *Intersections Inc. and Net Enforcers, Inc. v. Joseph C. Loomis and Jenni M. Loomis*, Case No. 1:09-cv-00597-LMB-TCB, currently pending before the United States District Court for the Eastern District of Virginia.

12.  "Stock Purchase Agreement" means the Stock Purchase Agreement, dated as of November 9, 2007, by and among Intersections, Net Enforcers, and you.

13.  "Person" means an individual or entity of any type, including, but not limited to, a natural person, a government (or an agency thereof), a quasi-public entity, a corporation, a partnership, a group, a mutual or joint venture, and any other form of organization or association.

14.  "Communication" means any exchange of information whether written, oral, electronic, or otherwise, including, but not limited to, conversations, discussions, negotiations, letters, correspondences, e-mails, messages, notes, contacts, or anything similar to the foregoing.

15.  The word "and" shall be deemed to include the word "or," and the word "or" shall be deemed to include the word "and."

16.  Any word stated in the singular shall also be taken in the plural, and vice versa.

17.  Any verb stated in the present tense shall also be taken in the past, future, and perfect tenses. Any verb stated in the past tense shall also be taken in the present, future, and perfect tenses.

18.  Any pronoun in the masculine gender shall also be taken in the feminine gender, and vice versa.

19.  If, in answering these requests, you encounter any ambiguities construing either a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

20. Unless otherwise specified, all requests refer to the subject matter of the complaint and counterclaim filed in this action.

21. Unless otherwise specified, the time period for each request is January 1, 2007 to the present.

## DOCUMENTS REQUESTED

1. All documents that discuss, describe, refer to, relate to, or reflect any agreements, understandings, or arrangements, whether oral or written, between you and Intersections.

2. All documents that discuss, describe, refer to, relate to, or reflect any agreements, understandings, or arrangements, whether oral or written, between you and NEI.

3. All documents, including any drafts, that discuss, describe, refer to, relate to, or reflect Intersections' purchase of your stock in NEI.

4. All documents, including any drafts, that discuss, describe, refer to, relate to, or reflect any documents, presentations, and other materials that were provided to Intersections in connection with Intersections' purchase of your stock in NEI, whether during negotiations or thereafter.

5. All documents, including any drafts, that discuss, describe, refer to, relate to, or reflect Schedule 2.23 to the Stock Purchase Agreement.

6. All documents that discuss, describe, refer to, relate to, or reflect any communications between you or any current or former employee of NEI, on the one hand, and any of the companies listed in Schedule 2.23 to the Stock Purchase Agreement, on the other hand.

7. All documents that discuss, describe, refer to, relate to, or reflect any communications between you and anyone else concerning any of the companies listed in Schedule 2.23 to the Stock Purchase Agreement.

8. All documents that discuss, describe, refer to, relate to, or reflect any communications between you and any current, former, or prospective customer or client of NEI.

9. All documents, including any drafts, that discuss, describe, refer to, relate to, or reflect the financial statements that were provided to Intersections during negotiations or at any other time in connection with its purchase of your stock in NEI, including, but not limited to, the financial statements included as Schedule 2.7 to the Stock Purchase Agreement.

10. All documents that discuss, describe, refer to, relate to, or reflect any communications between you and anyone else concerning the financial statements provided to Intersections in connection with its purchase of your stock in NEI, including, but not limited to, the financial statements included as Schedule 2.7 to the Stock Purchase Agreement.

11. All documents that discuss, describe, refer to, relate to, or reflect the formation and incorporation of Loomis Enterprises, Inc., including, but not limited to, articles of incorporation, bylaws, minutes, registration certificates, and lists of officers and directors.

12. All documents that discuss, describe, refer to, relate to, or reflect any communications between you and any of NEI's current or former employees during or after such employee's employment with NEI.

13. All documents that discuss, describe, refer to, relate to, or reflect any employment, consulting, subcontractor, independent contractor, or similar relationship – whether a formal relationship or informal relationship, paid or unpaid, – between Loomis Enterprises, Inc. and any current or former employee of NEI.

14. All documents that discuss, describe, refer to, relate to, or reflect any work performed by you on behalf of NEI from November 30, 2007 to the present.

15. All documents that discuss, describe, refer to, relate to, or reflect any work performed by you on behalf of any company, venture, partnership, etc. other than NEI, including, but not limited to, Loomis Enterprises, LLC and American Medical Services, LLC, from November 30, 2007 to the present.

16. All documents that discuss, describe, refer to, relate to, or reflect any communications between you and Jenni M. Loomis concerning Intersections' purchase of your stock in NEI.

17. All documents that discuss, describe, refer to, relate to, or reflect any communications between you and Jenni M. Loomis concerning any financial statements of NEI provided to Intersections.

18. All files stored on any computer, computer hard drive, or other storage media (e.g., disks, CD's, etc.) that you obtained, directly or indirectly, from NEI or any of its current or former employees.

19. A copy of the hard drive of each computer owned, leased or used by you during and/or after your employment with NEI.

20. A copy of all data contained on all personal computers, laptops, hard drives, Blackberries or other personal data assistant devices, digital music players, cell phones, "flash" or "zip" drives, and similar devices maintained or controlled by you during and/or after your employment with NEI.

21. All documents evidencing or otherwise relating to any diaries, journals, calendars, calendar entries, appointment books, or phone logs, including electronic versions of the same,

that were created or maintained by you from January 1, 2007 to the present, including, but not limited to, the diaries, journals, calendars, calendar entries, and phone logs themselves.

22. All documents that discuss, describe, refer to, relate to, or reflect any actions taken by you or on your behalf on or after October 20, 2008 concerning or relating to NEI's computer systems, including, but not limited to, NEI's computer server and any of NEI's computer towers.

23. All documents that discuss, describe, refer to, relate to, or reflect your allegation that Intersections interfered with NEI's ability to conduct business.

24. All documents that discuss, describe, refer to, relate to, or reflect your allegation that Intersections interfered with your ability to serve as Chief Executive Officer of NEI.

25. All documents that discuss, describe, refer to, relate to, or reflect any alleged admission against interest by Intersections or NEI as to this Action.

26. All documents relied upon or identified in your answers to Intersections' first set of interrogatories.

27. To the extent not already covered above, all documents that support any position that you have taken or intend to take in this Action.

28. To the extent not already covered above, all documents that discuss, describe, refer to, relate to, or reflect the allegations set forth in the complaint or your defenses thereto.

29. To the extent not already covered above, all documents that discuss, describe, refer to, relate to, or reflect the allegations set forth in the counterclaim.

30. All documents that discuss, describe, refer to, relate to, or reflect the filing and/or payment of state and federal taxes for NEI from 2003 to the present.

31. All documents that discuss, describe, refer to, relate to, or reflect your allegation in the counterclaim that you are a citizen and resident of Florida.

32. All documents that discuss, describe, refer to, relate to, or reflect your allegation in the counterclaim that Intersections, after the purchase of NEI, failed to fulfill its representations and responsibilities in the duties associated with the purchase.

33. All documents provided to or received from any expert you intend to call as a witness in the trial of this action, including all reports generated by any such expert, documents exchanged with any such expert, and a copy of the expert's curriculum vitae.

34. All documents relating to your claims for damages in this Action.

Dated: August 4, 2009

Respectfully submitted,

*Melissa R. Roth*
_____
David Clarke (admitted *pro hac vice*)
Michelle J. Dickinson (admitted *pro hac vice*)
Melissa R. Roth (admitted *pro hac vice*)
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone: 410.580.3000
Facsimile: 410.580.3001
David.Clarke@dlapiper.com
Michelle.Dickinson@dlapiper.com
Melissa.Roth@dlapiper.com

Tara Lee (Virginia Bar No. 71594)
Ryan C. Berry (Virginia Bar No. 67956)
DLA PIPER LLP (US)
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Telephone: 703.773.4000
Facsimile: 703.773.5000
Tara.Lee@dlapiper.com
Ryan.Berry@dlapiper.com

*Attorneys for Intersections Inc. and Net Enforcers, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August 2009, I caused the foregoing Intersections Inc.'s First Request for Production of Documents to Joseph C. Loomis to be served by U.S. mail, postage prepaid, and e-mail, upon the following

> Rodney F. Page
> William E. Olson
> Jennifer M. Kies
> BRYAN CAVE LLP
> 1155 F Street, NW
> Washington, DC 20004
> rfpage@bryancave.com
> weolson@bryancave.com
> jennifer.kies@bryancave.com

*Counsel for Defendants Joseph C. Loomis and Jenni M. Loomis*

_____
Melissa R. Roth