# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

INTERSECTIONS INC.

and

NET ENFORCERS, INC.,

     Plaintiffs and Counter-Defendants,

     v.

JOSEPH C. LOOMIS,

     Defendant and Counter-Plaintiff

and

JENNI M. LOOMIS,

     Defendant.

Case No. 1:09-cv-00597-LMB-TCB

---

**OBJECTIONS OF JOSEPH C. LOOMIS TO INTERSECTIONS INC.'S
FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendant and Counterclaimant Joseph C. Loomis ("Loomis"), by his undersigned

counsel, makes the following objections to Plaintiff and Counterclaim Defendant Intersections,

Inc.'s ("Intersections") First Request For Production of Documents.

**GENERAL OBJECTIONS**

1.     Loomis objects to the Instructions and Definitions set forth in Intersections' First

Request for Production to the extent they seek to impose duties upon Loomis in excess of those

required by Fed. R. Civ. P. 26 and 34.

2.     Loomis objects to each request to the extent that it attempts to impose a duty on

him to respond with information not in his possession, custody, or control.

AUG 2 6 REC'D

3.      Loomis objects to the requests to the extent that they seek information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  The inadvertent disclosure of any privileged matter shall also not constitute a waiver of any privilege.

4.      Loomis objects to each request insofar as it contains the phrases "you" and/or "your" which, as defined, are overbroad, vague, and ambiguous to the extent that these phrases include "all persons acting or purporting to act" on the behalf of Loomis.

5.      Loomis objects to each request insofar as it contains the term "document" which as defined, is overbroad and unduly burdensome to the extent that this term "includes all relevant files that are still on storage media, but that are erased but recoverable."

6.      Loomis objects to each request to that extent it requires the production of documents that contain business or personal information of a confidential, commercially sensitive, and/or proprietary nature other than in accordance with the terms of the Protective Order entered in this Action.

7.      The fact that Loomis is willing to respond to any particular request does not constitute an admission or acknowledgement that the request is proper, that the information and/or documents it seeks is relevant and/or admissible, that the request is within the proper bounds of discovery, or that other requests will be treated in a similar fashion.

8.      Any responses to these requests shall reflect the present state of Loomis's knowledge regarding the information and/or documents that Intersections has requested as of the dates such responses are served on Loomis.  Loomis expressly reserves the right to revise, correct, supplement, or clarify at a later date any response to any discovery request based on subsequently discovered information and/or documents.

9.      Loomis does not admit, adopt, or acquiesce in any factual or legal contention, assertion, or characterization that is contained in these requests.

10.     Loomis offers to confer with Intersections in good faith in connection with the foregoing General Objections and Specific Objections.

## SPECIFIC OBJECTIONS

### Request No. 1:

All documents that discuss, describe, refer to, relate to, or reflect any agreements, understandings, or arrangements, whether oral or written, between you and Intersections.

#### Objections to Request No. 1:

Loomis objects to this request as vague, unduly burdensome, and overly broad to the extent that it seeks all documents referring or relating to "any agreements, understandings, or arrangements" between Loomis and Intersections inasmuch as that the request could be read as calling for documents relating to or referencing any interaction between Loomis and employees, agents, or attorneys of Intersections, or all person acting on Intersections' behalf, that could be characterized as an agreement, understanding, or arrangement.

Subject to this Specific Objection and General Objections, incorporated herein by reference, Loomis will conduct a reasonably diligent search for all documents relating or referring to agreements, understandings, or arrangements between Loomis and Intersections.

### Request No. 2:

2.      All documents that discuss, describe, refer to, relate to, or reflect any agreements, understandings, or arrangements, whether oral or written, between you and NEI.

#### Objections to Request No. 2:

Loomis objects to this request as vague, unduly burdensome, and overly broad to the extent that it seeks all documents referring or relating to "any agreements, understandings, or

arrangements" between Loomis and NEI inasmuch as that the request could be read as calling for documents relating to or referencing any interaction between Loomis and employees, agents, or attorneys of NEI, or all person acting on NEI's behalf, that could be characterized as an agreement, understanding, or arrangement.

Subject to this Specific Objection and General Objections, incorporated herein by reference, Loomis will conduct a reasonably diligent search for all documents relating or referring to agreements, understandings, or arrangements between Loomis and NEI.

**Request No. 3:**

All documents, including any drafts, that discuss, describe, refer to, relate to, or reflect Intersections' purchase of your stock in NEI.

**Objections to Request No. 3:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 4:**

All documents, including any drafts, that discuss, describe, refer to, relate to, or reflect any documents, presentations, and other materials that were provided to Intersections in connection with Intersections' purchase of your stock in NEI, whether during negotiations or thereafter.

**Objections to Request No. 4:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 5:**

All documents, including any drafts, that discuss, describe, refer to, relate to, or reflect Schedule 2.23 to the Stock Purchase Agreement.

**Objections to Request No. 5:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 6:**

All documents that discuss, describe, refer to, relate to, or reflect any communications between you or any current or former employee of NEI, on the one hand, and any of the companies listed in Schedule 2.23 to the Stock Purchase Agreement, on the other hand.

**Objections to Request No. 6:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 7:**

All documents that discuss, describe, refer to, relate to, or reflect any communications between you and anyone else concerning any of the companies listed in Schedule 2.23 to the Stock Purchase Agreement.

**Objections to Request No. 7:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 8:**

All documents that discuss, describe, refer to, relate to, or reflect any communications between you and any current, former, or prospective customer or client of NEI.

**Objections to Request No. 8:**

Loomis objects to this request as vague, unduly burdensome, and overly broad to the extent that it does not define what constitutes a communication with a "prospective customer or client of NEI."

Subject to this Specific Objection and General Objections, incorporated herein by reference, Loomis will conduct a reasonably diligent search for all documents that discuss, describe, refer to, relate to, or reflect any communications between Loomis and any current or former customer or client of NEI and communications with any entity or individual with whom Loomis is aware that NEI was seeking to establish a customer relationship.

**Request No. 9:**

All documents, including any drafts, that discuss, describe, refer to, relate to, or reflect the financial statements that were provided to Intersections during negotiations or at any other time in connection with its purchase of your stock in NEI, including, but not limited to, the financial statements included as Schedule 2.7 to the Stock Purchase Agreement.

**Objections to Request No. 9:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 10:**

All documents that discuss, describe, refer to, relate to, or reflect any communications between you and anyone else concerning the financial statements provided to Intersections in connection with its purchase of your stock in NEI, including, but not limited to, the financial statements included as Schedule 2.7 to the Stock Purchase Agreement.

**Objections to Request No. 10:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 11:**

All documents that discuss, describe, refer to, relate to, or reflect the formation and incorporation of Loomis Enterprises, Inc., including, but not limited to, articles of incorporation, bylaws, minutes, registration certificates, and lists of officers and directors.

**Objections to Request No. 11:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 12:**

All documents that discuss, describe, refer to, relate to, or reflect any communications between you and any of NEI's current or former employees during or after such employee's employment with NEI.

**Objections to Request No. 12:**

Loomis objects to this request as vague, unduly burdensome, and overly broad to the extent that it requests documents relating to any communication between Loomis and current or former employees of NEI, regardless of the subject of the communication.

Subject to this Specific Objection and General Objections, incorporated herein by reference, Loomis will conduct a reasonably diligent search for all documents that discuss, describe, refer to, relate to, or reflect any communications between Loomis and any current or former employee of NEI that are business related and not of a purely personal nature.

**Request No. 13:**

All documents that discuss, describe, refer to, relate to, or reflect any employment, consulting, subcontractor, independent contractor, or similar relationship — whether a formal relationship or informal relationship, paid or unpaid, — between Loomis Enterprises, Inc. and any current or former employee of NEI.

**Objections to Request No. 13:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 14:**

All documents that discuss, describe, refer to, relate to, or reflect any work performed by you on behalf of NEI from November 30, 2007 to the present.

**Objections to Request No. 14:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 15:**

All documents that discuss, describe, refer to, relate to, or reflect any work performed by you on behalf of any company, venture, partnership, etc. other than NEI, including, but not limited to, Loomis Enterprises, LLC and American Medical Services, LLC, from November 30, 2007 to the present.

**Objections to Request No. 15:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 16:**

All documents that discuss, describe, refer to, relate to, or reflect any communications between you and Jenni M. Loomis concerning Intersections' purchase of your stock in NEI.

### Objections to Request No. 16:

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 17:**

All documents that discuss, describe, refer to, relate to, or reflect any communications between you and Jenni M. Loomis concerning any financial statements of NEI provided to Intersections.

### Objections to Request No. 17:

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control

**Request No. 18:**

18.   All files stored on any computer, computer hard drive, or other storage media (e.g., disks, CD's, etc.) that you obtained, directly or indirectly, from NEI or any of its current or former employees.

### Objections to Request No. 18:

Loomis objects to this request as vague, unduly burdensome, and overly broad to the extent that it requests all documents that Loomis obtained directly or indirectly from NEI or any of its current or former employees, regardless of the subject matter of the document.

Subject to this Specific Objection and General Objections, incorporated herein by reference, Loomis will conduct a reasonably diligent search for all documents that he obtained directly or indirectly from NEI, or any of its current or former employees, that are not of a purely personal nature.

**Request No. 19:**

A copy of the hard drive of each computer owned, leased or used by you during and/or after your employment with NEI.

### Objections to Request No. 19:

Loomis objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence because it requires Loomis to incur the significant cost of imaging computers that contain considerable data that has no connection with Intersections, NEI, or the allegations in the Complaint and would require the production of personal information that would not lead to the discovery of admissible evidence. Specifically, the request asks Loomis to provide copies of hard drives of computers that he owned during his employment with NEI that he used for personal as well as business purposes or solely for personal purposes. The request also asks Loomis to provide copies of hard drives of computers that Loomis may not have even been in possession of during the period of his employment with NEI.

Moreover, Loomis objects to this request because it is duplicative of other requests. In particular, all relevant data and data reasonably calculated to lead to the discovery of admissible evidence contained on computers owned by Loomis during or after his employment with NEI will be produced in response to Request No. 20.

In addition, Loomis objects to this request because the hard drives on the two computers that Loomis retains possession of that he owned during the period of his employment with NEI were damaged.   The hard drives on the computer tower that had been located at NEI during Loomis' employment with NEI were damaged and have been replaced.   In addition, the hard drive in Loomis' personal laptop was damaged and was reformatted in January 2009.

**Request No. 20:**

A copy of all data contained on all personal computers, laptops, hard drives, Blackberries or other personal data assistant devices, digital music players, cell phones, "flash" or "zip" drives, and similar devices maintained or controlled by you during and/or after your employment with NEI.

**Objections to Request No. 20:**

Loomis objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests the production of data and documents regardless of their subject matter and connection to issues relevant to this Action.

Subject to this Specific Objection and General Objections, incorporated herein by reference, Loomis will conduct a reasonably diligent search for all data contained on personal computers and other electronic devices or mediums that he controlled during and after his employment with NEI that is business related and not purely personal in nature.

**Request No. 21:**

All documents evidencing or otherwise relating to any diaries, journals, calendars, calendar entries, appointment books, or phone logs, including electronic versions of the same,

that were created or maintained by you from January 1, 2007 to the present, including, but not limited to, the diaries, journals, calendars, calendar entries, and phone logs themselves.

### Objections to Request No. 21:

Loomis objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests the production of documents falling regardless of their subject matter and connection to issues relevant to this Action.

Subject to this Specific Objection and General Objections, incorporated herein by reference, Loomis will conduct a reasonably diligent search for all documents relating to any diaries, journals, calendars, calendar entries, appointment books, or phone logs in Loomis' possession that are business related and not purely personal in nature.

### Request No. 22:

All documents that discuss, describe, refer to, relate to, or reflect any actions taken by you or on your behalf on or after October 20, 2008 concerning or relating to NEI's computer systems, including, but not limited to, NEI's computer server and any of NEI's computer towers.

### Objections to Request No. 22:

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control

### Request No. 23:

All documents that discuss, describe, refer to, relate to, or reflect your allegation that Intersections interfered with NEI's ability to conduct business.

**Objections to Request No. 23:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control

**Request No. 24:**

All documents that discuss, describe, refer to, relate to, or reflect your allegation that Intersections interfered with your ability to serve as Chief Executive Officer of NEI.

**Objections to Request No. 24:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control

**Request No. 25:**

All documents that discuss, describe, refer to, relate to, or reflect any alleged admission against interest by Intersections or NEI as to this Action.

**Objections to Request No. 25:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control

**Request No. 26:**

All documents relied upon or identified in your answers to Intersections' first set of interrogatories.

**Objections to Request No. 26:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 27:**

To the extent not already covered above, all documents that support any position that you have taken or intend to take in this Action.

**Objections to Request No. 27:**

Loomis specifically objects to this request on the grounds that it is duplicative of other requests and unduly vague. Subject to this Specific Objection, the other Specific Objections, and the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in his possession, custody or control.

**Request No. 28:**

To the extent not already covered above, all documents that discuss, describe, refer to, relate to, or reflect the allegations set forth in the complaint or your defenses thereto.

**Objections to Request No. 28:**

Loomis objects to this request on the grounds that it is duplicative of other requests and unduly vague. Subject to this Specific Objection, the other Specific Objections, and the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in his possession, custody or control.

**Request No. 29:**

To the extent not already covered above, all documents that discuss, describe, refer to, relate to, or reflect the allegations set forth in the counterclaim.

**Objections to Request No. 29:**

Loomis objects to this request on the grounds that it is duplicative of other requests and unduly vague.  Subject to this Specific Objection, the other Specific Objections, and the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in his possession, custody or control.

**Request No. 30:**

All documents that discuss, describe, refer to, relate to, or reflect the filing and/or payment of state and federal taxes for NEI from 2003 to the present.

**Objections to Request No. 30:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control

**Request No. 31:**

All documents that discuss, describe, refer to, relate to, or reflect your allegation in the counterclaim that you are a citizen and resident of Florida.

**Objections to Request No. 31:**

Loomis objects to this request as unduly burdensome and overly broad to the extent that it requests all documents showing that he is a resident and citizen of Florida.

Subject to this Specific Objection and General Objections, incorporated herein by reference, Loomis will conduct a reasonably diligent search for documents sufficient to show that he is a resident and citizen of Florida.

**Request No. 32:**

All documents that discuss, describe, refer to, relate to, or reflect your allegation in the counterclaim that Intersections, after the purchase of NEI, failed to fulfill its representations and responsibilities in the duties associated with the purchase.

**Objections to Request No. 32:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

**Request No. 33:**

All documents provided to or received from any expert you intend to call as a witness in the trial of this action, including all reports generated by any such expert, documents exchanged with any such expert, and a copy of the expert's curriculum vitae.

**Objections to Request No. 33:**

Loomis objects to this request as premature in light of:  (a) the early stage of discovery, and (b) the Scheduling Order issued by the Court, the parties' Joint Rule 26(f) Discovery Plan, Fed. R. Civ. P. 26(a)(2), and Local Rule 26(D)(2) which govern the timing of disclosures with respect to expert witnesses.  Plaintiff also objects because he has not yet retained an expert, and does not plan to do so prior to the due date for Loomis's responses to Intersections' document requests. Subject to this Specific Objection and the General Objections, which are herein incorporated by reference, Loomis will produce responsive documents following the completion of any expert report that may be prepared, if an expert is retained, to the extent they exist and are in Loomis' possession, custody or control.

**Request No. 34:**

All documents relating to your claims for damages in this Action.

**Objections to Request No. 34:**

Subject to the General Objections, incorporated herein by reference, Loomis will produce responsive documents to the extent they exist and are in its possession, custody or control.

Respectfully submitted,

Joseph C. Loomis

By Counsel

BRYAN CAVE LLP
1155 F Street, N.W.
Washington, D.C.  20004
(202) 508-6000 (phone)
(202) 508-6200 (facsimile)
rfpage@bryancave.com
weolson@bryancave.com
jennifer.kies@bryancave.com

By: _____
Rodney F. Page (VSB #12402)
William E. Olson (VSB #47251)
Jennifer M. Kies (VSB #73102)

DATED:        August 24, 2009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Objections of

Defendant and Counterclaimant Joseph C. Loomis to Intersections Inc.'s First Request for the

Production of Document was served via e-mail and U.S. Mail on this 24th day of August, 2009,

to:

Ryan C. Berry
Tara Lee
DLA PIPER LLP (US)
1775 Wiehle Avenue, Suite 400
Reston, VA 20190

David Clarke
Michelle J. Dickinson
Melissa R. Roth
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209

*Counsel for Plaintiffs and Counterclaim Defendants
Intersections, Inc. and Net Enforcers, Inc.*

William E. Olson
_____
William E. Olson