# EXHIBIT G

## Dickinson, Michelle J.

| | |
|---|---|
| **From:** | Isabel M Humphrey [isabel@hhylaw.com] |
| **Sent:** | Thursday, September 17, 2009 2:18 PM |
| **To:** | Dickinson, Michelle J. |
| **Cc:** | tdunlap@dglegal.com; Roth, Melissa R. |
| **Subject:** | RE: Sony VAIO laptops |
| **Attachments:** | Untitled Attachment; Schedule5.1.pdf; sonyorderconf2.pdf; invoice_3508.pdf |

Michelle, if you're really perplexed about the laptop mix-up, you didn't read my email. These computers are essentially identical externally and internally, they were both at Joe's house at the time of suspension, and both were brand new machines received from Sony shortly before the suspension--because NEI had just purchased theirs for Joe to use while his was being repaired, and Joe's had just been replaced by Sony after Sony couldn't fix it. The labels I used of "personal" and "NEI" laptops refer to the ownership of the laptops, not the use that was made of them. To the extent either of the machines was used prior to the suspension, it would have been primarily for NEI business. Joe had no occasion to wonder if there had been a mix-up until you said to me over the phone a week or so ago that there was "some question" whether Joe had taken his own computer or a different one. We knew there had been no mix-up as to the desktop computer (as there is only one of those), so Joe started checking into the laptops. Joe purchased his Sony Vaio laptop, model #VGN-TZ195, on 10/24/07, prior to the stock sale. See attached order confirmation sheet. Please note that the order total is $5,131.13. Schedule 5.1 listed as an "Excluded Asset" a "Sony Vaio Laptop (5131.13 Asset Credit)." See attached Schedule 5.1. The model number of the laptop currently in NEI's possession is believed to be VGN-TZ290, however, because Sony replaced the TZ195 with a newer model in October 2008, when they were unable to repair it. NEI can tell that this laptop is not the one it bought, because the one it bought was model #VGN-TZ390. See attached order confirmation sheet, showing payment made by Intersections and estimated shipping date of 9/8/08. I realize that this is somewhat complicated, Michelle, so I will not pretend to be "perplexed" that NEI hasn't figured this out by now. Regarding the desktop, you say, "I am aware of no documentation that suggests that the computer tower your client stole from NEI was among the assets assigned and transferred to your client prior to closing in accordance with Section 5.1 of the SPA." The documentation you seek is Schedule 5.1 (attached). This schedule lists as an "Excluded Asset"--one that "shall not be sold or transferred to Purchaser and shall be retained by Seller"--the following computer: "Joseph Loomis' Custom Desktop Computer." Attached is the invoice for that computer, dated 8/8/07. I have now told you 3 times that this computer was listed on Schedule 5.1, and your responses suggest to me that you have never looked at the schedule; that's why I have attached it for your convenience. (Perhaps the reason you missed it was that you did not file anything after Schedule 2.17 with your Complaint.) Oddly, NEI returned the "eight Dell monitors" also listed on Schedule 5.1 to Joe (once he threatened to call the police), and the monitors were attached to that computer, so the reason for treating the computer differently escapes me. If you know of some other computer that met the description of "Joseph Loomis' Custom Desktop Computer," particularly one capable of supporting "eight Dell monitors," that was in existence at NEI at the time of the stock sale, please let me know. You are also incorrect in your assumption that Joe "stole" NEI data when his brother retrieved his property, which NEI was holding without any lawful authority (a nice way of saying "stole"). First of all, NEI chose to allow Joe to use a computer that NEI did not own for NEI business. It was NEI's responsibility to ensure that all company data was ultimately saved onto company computers. Second, all NEI data on that computer had in fact been committed to the NEI server. Third, prior to leaving NEI's offices for the last time, Joe copied all NEI files from that computer (which NEI already had on its server in any event) onto a USB drive and handed it to Jason Wood. I told you this quite some time ago, and you said you would ask Jason about it. Fourth, after Joe was sent home, he tried to commit all NEI data from his

home computer to the NEI servers, just in case he had something on his home computer, in particular documents created before the stock sale, that had never been committed to the server. However, NEI cut off the data transfer, apparently having interpreted it as a cyber-attack. Fifth, Joe then copied all NEI files from his home computer onto DVDs and provided them to Rodney Page for production to NEI. Sixth, he then made a second set of such DVDs prior to replacing his home computer, just in case anything ever went wrong with the first set of DVDs. We now have both sets of DVDs and will provide them to you in the course of discovery. Isabel M. Humphrey, Esq. HUNTER, HUMPHREY & YAVITZ, PLC 2633 E Indian School Rd, #440 Phoenix, Arizona 85016 Telephone: 602-275-7733 x103 Direct Fax: 480-452-1374 isabel@hhylaw.com www.hhylaw.com NOTICE: This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete and destroy all copies. Thank you. ----- Original Message ----- From: "Dickinson, Michelle J." To: "Isabel M Humphrey" Sent: 9/16/2009 11:58AM Subject: RE: Sony VAIO laptops Isabel, I am perplexed at how your client just now determined that his work laptop was mixed up with his personal laptop. One would think your client would have noticed over the past 10 months or so that the laptop he has been using contains NEI rather than his own personal data. Please explain why your client now believes NEI has his laptop and that the laptop in his possession is NEI's. I request that you provide any documentation that supports his claim, as well as a description of the laptop in your client's possession, including the model and serial number, so that we may look into this issue. I am aware of no documentation that suggests that the computer tower your client stole from NEI was among the assets assigned and transferred to your client prior to closing in accordance with Section 5.1 of the SPA. If your client has authentic documentation suggesting that NEI assigned and transferred the tower to him, please provide us with copies of such documentation, so that we may look into this issue further. Your client appears to miss the bigger issue here, however, which is that regardless of who he believes owned the computer tower, he cannot dispute that NEI owns the data on the computer tower; that he removed the data from NEI's offices without NEI's consent; and that he has refused to return the data despite repeated requests to do so - essentially, that he stole NEI's company data, which he now contends is irretrievable because the hard drive has been damaged. If your client disputes any of these facts, I would be interested in his explanation. Michelle From: Isabel M Humphrey [mailto:isabel@hhylaw.com] Sent: Thursday, September 10, 2009 1:26 PM To: Dickinson, Michelle J. Subject: Sony VAIO laptops Michelle, in the process of reviewing documents for discovery, Joe realized that the Sony VAIO laptop he returned to NEI was actually his personal laptop (an "excluded asset" under the SPA, Schedule 5.1), and the Sony VAIO laptop he has in his possession is NEI's laptop. The laptops have identical specs, although the model numbers are one digit off (NEI's is the newer model). Joe's personal laptop was replaced by Sony in October 2008 after Sony was unable to repair it, and NEI's laptop wasn't even ordered until September 2008 (we're not sure when it was received), so at the time of Joe's suspension both were essentially identical and barely-used laptops that had just arrived from Sony. Nevertheless, Joe would like to arrange an exchange of the laptops. He will bring NEI's laptop to my office today. Please confirm that NEI still has Joe's personal laptop and will turn it over to our firm in exchange for the other one. Regarding the desktop computer that NEI released to Chris Loomis, you told me there was "some question" whether it was the same one listed in Schedule 5.1 and encouraged me to look into the matter. As there is only one desktop computer ("Custom Desktop Computer") listed in the schedule (along with "8 Dell Monitors"), and there was only one desktop computer in Joe's office at NEI--which was a custom machine, was purchased by Joe prior to the sale, and was hooked up to 8 Dell monitors-- please let me know on what grounds NEI maintains that the computer Chris Loomis picked up was not Joe's computer. Isabel M. Humphrey, Esq. HUNTER, HUMPHREY & YAVITZ, PLC 2633 E Indian School Rd, #440 Phoenix, Arizona 85016 Telephone: 602-275-7733 x103 Direct Fax: 480-452-1374 isabel@hhylaw.com www.hhylaw.com NOTICE: This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete and destroy all copies. Thank you. Please consider the environment before printing this email.

10/23/2009

_____ The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
_____ _____ Information from ESET NOD32 Antivirus, version of virus signature database 4431 (20090916) _____ The message was checked by ESET NOD32 Antivirus. http://www.eset.com