# EXHIBIT B

**Roth, Melissa R.**

| | |
|---|---|
| **From:** | Dickinson, Michelle J. |
| **Sent:** | Wednesday, September 16, 2009 2:58 PM |
| **To:** | Isabel M Humphrey |
| **Cc:** | tdunlap@dglegal.com; Roth, Melissa R. |
| **Subject:** | RE: Sony VAIO laptops |

Isabel,

I am perplexed at how your client just now determined that his work laptop was mixed up with his personal laptop. One would think your client would have noticed over the past 10 months or so that the laptop he has been using contains NEI rather than his own personal data. Please explain why your client now believes NEI has his laptop and that the laptop in his possession is NEI's. I request that you provide any documentation that supports his claim, as well as a description of the laptop in your client's possession, including the model and serial number, so that we may look into this issue.

I am aware of no documentation that suggests that the computer tower your client stole from NEI was among the assets assigned and transferred to your client prior to closing in accordance with Section 5.1 of the SPA. If your client has authentic documentation suggesting that NEI assigned and transferred the tower to him, please provide us with copies of such documentation, so that we may look into this issue further. Your client appears to miss the bigger issue here, however, which is that regardless of who he believes owned the computer tower, he cannot dispute that NEI owns the data on the computer tower; that he removed the data from NEI's offices without NEI's consent; and that he has refused to return the data despite repeated requests to do so - essentially, that he stole NEI's company data, which he now contends is irretrievable because the hard drive has been damaged. If your client disputes any of these facts, I would be interested in his explanation.

Michelle

> **From:** Isabel M Humphrey [mailto:isabel@hhylaw.com]
> **Sent:** Thursday, September 10, 2009 1:26 PM
> **To:** Dickinson, Michelle J.
> **Subject:** Sony VAIO laptops
>
> Michelle, in the process of reviewing documents for discovery, Joe realized that the Sony VAIO laptop he returned to NEI was actually his personal laptop (an "excluded asset" under the SPA, Schedule 5.1), and the Sony VAIO laptop he has in his possession is NEI's laptop. The laptops have identical specs, although the model numbers are one digit off (NEI's is the newer model). Joe's personal laptop was replaced by Sony in October 2008 after Sony was unable to repair it, and NEI's laptop wasn't even ordered until September 2008 (we're not sure when it was received), so at the time of Joe's suspension both were essentially identical and barely-used laptops that had just arrived from Sony. Nevertheless, Joe would like to arrange an exchange of the laptops. He will bring NEI's laptop to my office today. Please confirm that NEI still has Joe's personal laptop and will turn it over to our firm in exchange for the other one.
>
> Regarding the desktop computer that NEI released to Chris Loomis, you told me there was "some question" whether it was the same one listed in Schedule 5.1 and encouraged me to look into the matter. As there is only one desktop computer ("Custom Desktop Computer") listed in the schedule (along with "8 Dell Monitors"), and there was only one desktop computer in Joe's office at NEI--which was a custom machine, was purchased by Joe prior to the sale, and was hooked up to 8 Dell monitors--please let me know on what grounds NEI maintains that the computer Chris Loomis picked up was not Joe's computer.
>
> Isabel M. Humphrey, Esq.
> HUNTER, HUMPHREY & YAVITZ, PLC
> 2633 E Indian School Rd, #440
> Phoenix, Arizona 85016

10/23/2009

Telephone: 602-275-7733 x103
Direct Fax: 480-452-1374
isabel@hhylaw.com
www.hhylaw.com

NOTICE: This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete and destroy all copies. Thank you.