# EXHIBIT D



DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
www.dlapiper.com

Michelle J. Dickinson
michelle.dickinson@dlapiper.com
T 410.580.4137
F 410.580.3137

September 25, 2009
*VIA E-MAIL AND U.S. MAIL*

Isabel M. Humphrey
Candess J. Hunter
Randy Yavitz
Hunter, Humphrey & Yavitz, PLC
2633 E. Indian School Road, #440
Phoenix, Arizona 85016

Re:   *Intersections, Inc. and Net Enforcers, Inc. v. Joseph C. and Jenni M. Loomis*

Dear Counsel:

We have reviewed your September 17, 2009 email wherein you assert that Joe Loomis ("Loomis") possesses a laptop owned by NEI and that NEI possesses a laptop owned by Loomis. Specifically, you contend that after Loomis was terminated in November 2008, he returned certain NEI property at NEI's request, including one of two Sony Vaio laptops he used for work at NEI. You indicated that Loomis inadvertently returned the laptop he personally owned instead of the laptop NEI owned. We have analyzed the information you provided and believe that the Sony Vaio laptop model #VGN-TZ390 in Loomis' possession is NEI's property and the Sony Vaio laptop model #VGN-TZ290 in NEI's possession is Loomis'.

Please advise as to whether the NEI Sony Vaio laptop model #VGN-TZ390 contains one of the damaged hard drives referenced in Loomis' response to Document Request No. 19. If so, please advise as to when the hard drive was damaged, the nature of the damage, how it was damaged, and what attempts, if any, he made to fix the hard drive and when. The Sony Vaio laptop model #VGN-TZ290 contains company data. Accordingly, NEI will remove and preserve a copy of all data on the Sony Vaio laptop model #VGN-TZ290 before exchanging laptops in case it is needed for this litigation.

You also contend that Loomis believes he owns the computer tower he took from NEI's offices and that he technically did not "steal" the company data contained on the tower. Specifically, you contend that he did not steal the data because NEI allowed him to use his own computer and should have ensured that the data was saved on a company-owned computer. This is factually incorrect and nonsensical. Any purported failure on NEI's part to foresee and protect itself from its CEO's unauthorized removal of company data from NEI's offices and refusal to return such data has no bearing at all on whether Loomis' actions constitute theft. Indeed, NEI was in the process of ensuring that the company data was preserved when Loomis took it from the office without NEI's consent and just as a computer technician was preparing to make a copy of the data. Notwithstanding, you also contend that the data was not stolen because it was saved on the company server and because Loomis provided NEI with a USB drive containing a copy of all company files stored on the tower on the last day he was at NEI's offices. Loomis' purported assurance that he saved all of the company data on the server and on a USB drive is not at all reassuring or conclusive in light of his history of theft and destruction of NEI's company data. Accordingly, we renew our request in Document Request No. 19 that Loomis provide a copy of the hard drive(s) of each computer owned, leased or used by him during and/or after his employment by NEI, including but not limited to the Tower.



Thomas M. Dunlap
September 25, 2009
Page Two

Further, please advise as to whether the computer tower Loomis possesses contains one of the damaged hard drives referenced in Loomis' response to Document Request No. 19. If so, please advise as to when the hard drive(s) was damaged, the nature of the damage, how it was damaged, and what attempts, if any, he made to fix the hard drive.

In the interest of cooperation, we propose the following. We will send a computer technician to your office next week to exchange the Sony Vaio laptop model #VGN-TZ290 for the Sony Vaio laptop model #VGN-TZ390. Loomis will provide the technician with the computer tower he took from NEI's offices and any other computer owned, leased or used by him during and/or after his employment by NEI which is in his possession, custody or control. The technician will create a forensic image of the hard drives on each machine Loomis provides at your offices that day. Please advise if this is acceptable and what date next week works best for you.

Finally, you indicate that you possess copies of DVDs containing company files from a home computer of Loomis' that you received from Loomis and Rodney Page. Please advise as to when you will be producing those DVDs as well as documents in response to Intersections' document requests.

Very truly yours,

Michelle J. Dickinson

MJD:vsc

cc:   Thomas M. Dunlap

EAST\42567886.1 9/25/09