# EXHIBIT L

## Roth, Melissa R.

**From:** Dickinson, Michelle J.
**Sent:** Monday, October 05, 2009 6:18 PM
**To:** 'Isabel M Humphrey'
**Cc:** Roth, Melissa R.; Cramer, Vanessa; dludwig@dglegal.com
**Subject:** RE: Loomis laptops

Isabel,
The laptop Joe returned to NEI last year is on its way to Washington, D.C. so that our computer consultant can remove the data, not the software. Once it has been removed, we will arrange for a time for him to deliver it to your office in Arizona and pick up the NEI laptop. We will schedule the exchange for a day when Joe can provide the computer tower for imaging as well. We understand that you do not care whether we take special precautions with Joe's computer, but we must protect our clients from allegations Joe likely will make if we don't do so. If you recall, a just few hours ago, he had you ready to file a counterclaim and call the police over a laptop he gave NEI over a year ago and that we already agreed to return. We're covering ourselves. We expect you would do the same in this situation.

With respect to the other computers in Joe's possession, custody or control, please advise as to your availability for a telephone call tomorrow at 4:00 p.m. EST to formally meet and confer on this, and all other outstanding discovery issues, in accordance with the Rules. Thanks.
Michelle

---

**From:** Isabel M Humphrey [mailto:isabel@hhylaw.com]
**Sent:** Monday, October 05, 2009 4:59 PM
**To:** Dickinson, Michelle J.
**Cc:** Roth, Melissa R.; Cramer, Vanessa; dludwig@dglegal.com
**Subject:** RE: Loomis laptops

I'm not fixated, Michelle. I sent you a simple email weeks ago explaining the mistake and requesting a prompt exchange. Since then, you've sent me several dissertations on the subject, to which I feel compelled to respond. If your response had been, "OK, thanks for the information. We'll send someone upstairs to switch the laptops," we would have been done with this long ago.

You have explained why it will take you a week to pick up NEI's laptop--you want a computer tech to personally carry it from here to the East Coast so he can testify that nothing happened to it en route. That's fine, but it doesn't explain why you can't return Joe's laptop in the meantime. It won't take a week to remove NEI's data. Believe me, I'm not holding NEI's laptop hostage. There is no need for a literal "exchange" if you want to take special precautions with NEI's laptop.

In the meantime, please arrange for Joe's laptop to be delivered to my office by 5:00 pm tomorrow, or tell us where it is so we can send someone to retrieve it. Also, once again, please confirm that when you say you will remove the "data" from Joe's laptop you are talking about **NEI data** and not data, installed software or reload software that is part of the factory set-up (i.e., data he paid for).

If your tech can give us sufficient notice for Joe to arrange to get the custom tower (the one listed on Schedule 5.1) out of storage and over to my office prior to his visit to pick up NEI's laptop, the tech is welcome to image the hard drives on that machine. As I believe you are already aware, however, the computer would not boot up the first time Joe attempted to use it after retrieving it from NEI. Matt Leberer then attempted to boot up the machine for several hours, but could not. The original drives were sent to the manufacturer, and the manufacturer sent back replacement drives.

We will not produce Joe's personal computer(s) for imaging.

I will respond in writing to your other communications. If you feel we need a telephonic conference after

that, we can schedule one.

Isabel M. Humphrey, Esq.
HUNTER, HUMPHREY & YAVITZ, PLC
2633 E Indian School Rd, #440
Phoenix, Arizona 85016

Telephone: 602-275-7733 x103
Direct Fax: 480-452-1374
isabel@hhylaw.com
www.hhylaw.com

NOTICE: This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete and destroy all copies. Thank you.

----- Original Message -----
**From:** "Dickinson, Michelle J."
**To:** "Isabel M Humphrey"
**Sent:** 10/05/2009 12:42PM
**Subject:** RE: Loomis laptops

Isabel,
We are curious as to why, when you have yet to respond to our numerous letters regarding your clients' discovery response deficiencies or our requests for deposition dates, and you have yet to produce a single document in this case, you are fixated on a laptop computer that your client returned to Net Enforcers while keeping Net Enforcers' newer model laptop over a year ago. We request that you focus on the more pressing issues related to litigating this case - as discovery closes on December 11th and we will find ourselves in trial not long thereafter.

We are prepared to retrieve Net Enforcers' laptop and return Loomis' laptop with the software intact and only the data removed. We will do so, however, only under circumstances that will protect our clients from potential claims from Loomis that our clients destroyed data or damaged either computer. Further, we will do so under circumstances such that a qualified computer technician may testify that the computer Loomis provides was not damaged after the exchange and before any forensic analysis can be performed. Accordingly, we will send a computer technician to your offices to make the exchange and transport the computer back to the East Coast for examination. We should be able to do so in the next week or so after the data has been removed. We trust this will assuage your desire to bring civil or criminal charges against our clients related to the laptop computer and will enable you to refocus your energies on the actual issues in this case.

We again request that you provide Loomis' computers for imaging by the computer technician we send to exchange the laptops. This will save the parties time and resources. Rather than threatening a counterclaim or criminal action, perhaps you could respond to our request for the computer images directly and indicate whether you intend to produce Loomis' computers for imaging, an image of his computers, or nothing at all. If so, we can arrange for the images to be made by the computer technician at the time of the laptop exchange. If not, we will move forward with seeking the court's assistance with this matter.

We look forward to your prompt attention and response to this and all other outstanding discovery issues. As you did not respond to our email sent at 1:22 p.m. EST today requesting a call at 3:00 p.m. EST today or 4:00 p.m. EST tomorrow to discuss the discovery issues, please advise as to your availability for a call tomorrow at 4:00 p.m. EST. Thank you in advance for your cooperation with these issues.

Michelle

**From:** Isabel M Humphrey [mailto:isabel@hhylaw.com]
**Sent:** Monday, October 05, 2009 2:45 PM
**To:** Dickinson, Michelle J.

**Cc:** Roth, Melissa R.; Cramer, Vanessa
**Subject:** RE: Loomis laptops

So send someone upstairs. I will not move the laptop in my possession until they get here, I will let them pick it up so I don't drop it, and I will keep it away from any large magnets. I can't imagine what you think might happen that would require the presence of a computer tech/consultant, but if you really need one, there are probably a couple of dozen available within a 5-minute drive from this building who would be happy to charge you $100 per hour to drive over here and switch the laptops. No need for anyone to fly in from out of state.

If I do not have Joe's laptop by the end of the business day tomorrow, we will move to add a conversion count to the counterclaim and Joe will call the police. I am not conditioning the release of NEI's laptop on the resolution of any of our discovery issues, and there is no excuse for you conditioning the release of Joe's laptop on any of those issues.

Regarding the laptop in NEI's possession, please confirm that when you say you will remove the "data" on that laptop prior to the exchange, you are referring only to NEI data, and you will leave in place all installed software.

Isabel M. Humphrey, Esq.
HUNTER, HUMPHREY & YAVITZ, PLC
2633 E Indian School Rd, #440
Phoenix, Arizona 85016

Telephone: 602-275-7733 x103
Direct Fax: 480-452-1374
isabel@hhylaw.com
www.hhylaw.com

NOTICE: This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete and destroy all copies. Thank you.

----- Original Message -----
**From:** "Dickinson, Michelle J."
**To:** "Isabel M Humphrey"
**Sent:** 10/05/2009 11:16AM
**Subject:** RE: Loomis laptops

Thanks for your email response, Isabel. In light of the data destruction issues in this case, our client is taking extra measures to ensure that the exchange of computers does not unnecessarily lead to a data destruction problem.
Michelle

**From:** Isabel M Humphrey [mailto:isabel@hhylaw.com]
**Sent:** Monday, October 05, 2009 2:08 PM
**To:** Dickinson, Michelle J.
**Cc:** Roth, Melissa R.; Cramer, Vanessa
**Subject:** Re: Loomis laptops

Michelle, I can't understand why you need an out-of-state "consultant" to "facilitate" the exchange of the laptops. Can't you just send someone up from downstairs?? Or I can send someone downstairs. Either way. This should take 2 minutes.

Isabel M. Humphrey, Esq.
HUNTER, HUMPHREY & YAVITZ, PLC
2633 E Indian School Rd, #440
Phoenix, Arizona 85016

10/23/2009

Telephone: 602-275-7733 x103
Direct Fax: 480-452-1374
isabel@hhylaw.com
www.hhylaw.com

NOTICE: This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete and destroy all copies. Thank you.

----- Original Message -----
**From:** "Dickinson, Michelle J."
**To:**
**Sent:** 10/02/2009 5:47PM
**Subject:** Re: Loomis laptops

Isabel,
Thank you for your email. As explained in our letter, we will be paying a consultant to facilitate the exchange of the laptop computers as a result of Joe's return of the wrong computer after his termination. In order to avoid unnecessary additional expenses, it makes sense to have the consultant make only one trip to Arizona and image the tower and the other computers in Joe's possession, custody or control during that visit. Please confirm your agreement with this arrangement. Thanks.
Michelle

Michelle J. Dickinson
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-4137 Direct Phone
(410) 580-3137 Direct Fax
michelle.dickinson@dlapiper.com

ATTORNEY WORK PRODUCT


----- Original Message -----
From: Isabel M Humphrey <isabel@hhylaw.com>
To: Dickinson, Michelle J.
Sent: Fri Oct 02 20:03:08 2009
Subject: RE: Loomis laptops

Michelle, I've reviewed your latest communication regarding the laptops. I'm glad we have finally resolved the ownership issue. Please have your computer tech call me to arrange a time to exchange the laptops. I will be in the office most of the day Monday and Tuesday.

I will respond to the other issues raised in your letter, but obviously NEI is required to return Joe's property immediately and unconditionally.

Isabel M. Humphrey, Esq.
HUNTER, HUMPHREY & YAVITZ, PLC
2633 E Indian School Rd, #440
Phoenix, Arizona 85016

Telephone: 602-275-7733 x103
Direct Fax: 480-452-1374
isabel@hhylaw.com
www.hhylaw.com

NOTICE: This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete and destroy all copies. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4482 (20091005) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4482 (20091005) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

10/23/2009