# EXHIBIT V

**Roth, Melissa R.**

| | |
|---|---|
| From: | Dickinson, Michelle J. |
| Sent: | Friday, October 16, 2009 5:36 PM |
| To: | Candess Hunter |
| Cc: | Roth, Melissa R. |
| Subject: | Loomis |
| Attachments: | Document.pdf |



Document.pdf (329 KB)

Counsel:
See attached correspondence.
Michelle



DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland  21209-3600
www.dlapiper.com

Michelle J. Dickinson
michelle.dickinson@dlapiper.com
T  410.580.4137
F  410.580.3137

October 16, 2009
VIA U.S. MAIL

Isabel M. Humphrey, Esquire
Candess J. Hunter, Esquire
Randy Yavitz, Esquire
Hunter, Humphrey & Yavitz, PLC
2633 E. Indian School Road, #440
Phoenix, Arizona  85016

Re:   *Intersections, Inc. and Net Enforcers, Inc. v. Joseph C. and Jenni M. Loomis*

Dear Candess:

The suggestion in your email that we have violated the law or somehow acted unethically is nothing short of silly. Indeed, it was Joe Loomis who kept NEI property after he was terminated, not the other way around. Since your colleague emailed me on September 10, 2009 that Joe Loomis believed he had erroneously kept NEI's Sony Vaio laptop and returned his own after he was terminated almost a year ago, we have worked to determine the truth of the assertion, preserve any company data on the laptop, and effectuate a cost-effective exchange of the laptops while avoiding any data destruction issues. Specifically,

- By email dated September 16, 2009, we requested that you provide documentation supporting Joe Loomis' claim, as well as a description of the laptop in his possession, including the model and serial number, so that we could look into the issue.

- After investigating Joe Loomis' contention, we advised by letter dated September 25, 2009 that we had determined that Joe Loomis had in fact kept the wrong laptop and proposed an exchange of the computers. We advised that we would remove and preserve a copy of all data on the laptop in NEI's possession before exchanging the laptops in case it is needed for this litigation.

- On October 2, 2009, we advised by email that we would be paying a consultant to facilitate the exchange of the laptop computers. In order to avoid unnecessary additional expenses, we advised that we would have the consultant image the computer tower and the other computers in Joe's possession, custody or control pursuant to Intersections' discovery requests during that visit.

- On October 5, 2009, we advised that we would be able "within the next week or so" to exchange the laptop computers after the company data was removed. We indicated that we would do so, however, only under circumstances that would protect our clients from potential claims from Loomis that our clients destroyed data or damaged either computer. Further, we indicated that we would do so under circumstances such that a qualified computer technician may testify that the computer Loomis provides was not damaged after the exchange and before any forensic analysis can be performed. We again requested that you provide Loomis' computers for imaging by the consultant we send to exchange the laptops to save the parties time and resources.

- By email the same day, you confirmed your understanding that our consultant would be removing company data from the laptop and indicated that if our consultant could give you sufficient notice for Joe Loomis to arrange to get the computer tower out of storage and over to your office prior to his visit to pick up NEI's laptop, he could image the hard drives on the computer tower.



Isabel M. Humphrey, Esquire
Randy Yavitz, Esquire
October 16, 2009
Page Two

- On October 14, 2009, we advised by email that our computer consultant had determined that there is no company data on the laptop and that we are prepared to make the computer exchange. We asked that you advise when Joe Loomis could get the tower out of storage for imaging so that we could set it up.

As you are aware, we have never indicated or even suggested that we would keep the laptop computer any longer than necessary to determine its rightful owner and remove and preserve company data. Thus, we have not violated any law or ethical rule. Our computer consultant will be at your offices Monday to deliver the laptop and to image the computer tower. I presume this takes care of this latest diversionary tactic and that we can get back to litigating this case.

Very truly yours,

Michelle J. Dickinson

MJD:vsc

cc:    Thomas M. Dunlap, Esquire

EAST\42552635.1