**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| **INTERSECTIONS, INC., et al.**        ) | |
|                                                                 ) | |
|             **Plaintiffs,**                        ) | |
|                                                                 ) | |
| v.                                                         ) | Case No. 1:09-CV597 (LMB/TCB) |
|                                                                 ) | |
| **JOSEPH C. LOOMIS, et al.**           ) | |
|                                                                 ) | |
|             **Defendants.**                      ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF
INTERSECTIONS, INC.'S MOTION FOR SANCTIONS**

Defendants Joseph C. Loomis and Jenni M. Loomis (collectively, the "Defendants") by and through counsel, respectfully submits this Opposition to Intersections, Inc.'s ("INTX") Motion for Sanctions. INTX's requested relief is overly excessive and is not commensurate with the minor and now corrected issues concerning the Defendants' discovery production. Moreover, regarding Joseph Loomis's production, Plaintiff failed to comply with Federal Rule of Civil Procedure 37(d)(1)(B) and Local Rule 37(E) which requires the Plaintiff to meet and confer with Defendants in an effort to resolve the issue without court action. Plaintiff's sole contact with Defendants regarding this issue consisted of an approximately 5-10 minute discussion which occurred approximately three hours before Plaintiff filed its Motion for Sanctions. Therefore, the Court should not consider Plaintiff's Motion or, in the alternative, deny it outright..

**STATEMENT OF RELEVANT FACTS**

On October 30, 2009, this Court entered an Order requiring Defendants to produce discovery by November 6, 2009. At the time of the hearing, Defendants were represented by Hunter, Humphrey, and Yavitz, PLLC from Arizona ("HHY"). On November 4, 2009, Dunlap,

Grubb & Weaver, PLLC ("DGW") replaced HHY as lead counsel. It is well documented that prior to November 4, 2009, counsels for the parties had an overly contentious and unproductive relationship. Indeed, Plaintiffs' October 23, 2009 motion for a protective order stemmed from questionable litigation tactics arguably instigated by HHY. Subsequent to November 4, 2009, however, once DGW became Defendants' lead counsel, the relationship between the parties' counsel has been markedly different and generally characterized by a cooperative and productive relationship. Since November 4, 2009, there have been various issues, discovery and otherwise, that have arisen on both sides. Although counsels have not always been able to agree on all issues, they have almost always communicated openly and extensively in an effort to timely resolve the matter. (See various e-mails, Ex. A).

## Joseph Loomis's Production

Prior to the October 30, 2009 Order, Joseph Loomis provided discovery responses to the Plaintiffs which had various issues including an improper load file and repetitive Bates numbers. Unable to resolve the issue with then counsel for Defendants, HHY, Plaintiffs filed a motion to compel. The motion was granted through the October 30, 2009 Order which required Joseph Loomis to provide a corrected discovery production. On November 6, 2009, pursuant to the Order, Joseph Loomis produced seven DVDs containing his entire document production. To ensure that he would properly adhere to the Order, Joseph Loomis had retained an e-discovery vendor to assist him with his discovery and provide a proper load file, accurately Bates stamp his production, and produce corresponding TIFF images. (Loomis Decl. Ex. D).

On November 24, 2009, at around 2:00 p.m., after the deposition of Neal Dittersdorf, Plaintiffs informed Defendants, for the first time, that there were issues with Joseph Loomis's document production. (Bennett Decl. Ex. B). Without providing much detail, such as the

affected Bates numbers, Plaintiffs only stated that over 60,000 TIFF images were not included with the production. The conversation only lasted approximately 5-10 minutes. At 5:06 p.m., a mere three hours after their sole and brief communication with the Defendants, Plaintiff filed the motion for sanctions and seven page memorandum in support. Defendants obtained more information regarding the discovery issue from reading Plaintiff's memorandum than from the conversation with Plaintiff earlier that day.

On November 30, 2009, the first business day after the Thanksgiving break, Joseph Loomis contacted and conferred with Ken Davies, his e-discovery vendor regarding the missing TIFF images from his production. (Davies Decl. Ex. C). After reviewing the document production, Mr. Davies concluded that the November 6, 2009 production was done correctly and that all of the TIFF files were located in their appropriate volumes. He further concluded that there were only two explanations why the seven DVDs provided to the Plaintiff did not contain the TIFF files: (1) one or more of the DVD discs provided to the Plaintiffs were damaged via shipping or handling; or (2) a software error occurred during the burning of the disc. Mr. Davies subsequently created another copy and delivered it to Ed Valio, Defendants' other e-discovery specialist, who verified that the TIFF images were properly included in the production. The document production was then delivered to the Plaintiffs who received it on December 2, 2009.

### Jenni M. Loomis's Production

On October 30, 2009, Jenni Loomis ("Jenni") provided her discovery production to the Plaintiffs. The production included approximately 1,000 discrete files but, unbeknownst to Jenni, it did not contain any e-mails. Jenni was deposed on November 8, 2009. The parties agreed to keep her deposition open for the purpose of further exploring the issue of the missing e-mails. After the deposition, Jenni forwarded another DVD to her counsel which they received

3

on the morning of November 16, 2009.  After reviewing the disc, Defendants discovered that it contained a .pst file, which is an Outlook e-mail data file, and it contained contacts and calendar entries but no e-mails.  Counsel for Defendants e-mailed Jenni immediately thereafter and advised her of the issue.  That same day, Plaintiffs contacted Defendants to confirm that they did not find any e-mails in Jenni's October 30, 2009 production.  Defendants responded that Jenni produced a new .pst file, but it too did not contain e-mails.  On November 18, 2009, Jenni forwarded a third disc that did contain the requested e-mails.  Defendants immediately sent the disc to Mr. Davies for Bates stamping and informed the Plaintiffs to expect the file in the next few days.  Plaintiffs received Jenni's updated production, Bates stamped, on the morning of November 25, 2009.

## ARGUMENT

I. **The Court Should Not Consider Plaintiff's Motion Because They Failed To Meet and Confer with Defendants Regarding Joseph Loomis's Discovery.**

The meet and confer requirement under the Federal Rules of Civil Procedure states:

> A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

FED. R. CIV. P. 37(D)(1)(B).  This Court's Local Rules demand the same:

> Counsel shall confer to decrease, in every way possible the filing of unnecessary discovery motions.  No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy.  The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsels to resolve the discovery matters at issue.

LOCAL CIV. R. 37(E) (E.D. Va. 2009).

Plaintiff claims that it has "made good faith efforts pursuant to Local Rule 37(E) to confer with Defendants' counsel . . . ." As to Joseph Loomis's production, Plaintiff's claim is incorrect. Plaintiff's sole effort to resolve Joseph Loomis' discovery issue with Defendants consists of vaguely informing Defendants, in a 5-10 minute conversation, three hours before filing its motion for sanctions that TIFF images were missing from Joseph Loomis's production. At that time, Plaintiff did not provide Bates numbers for the missing TIFF images nor did it make any effort to work with Defendants to resolve the matter.

Plaintiff's certification that it made good faith efforts to meet and confer with Defendants is not correct given that Plaintiff's motion for sanctions was filed approximately three hours after the sole and brief conversation with the Defendants' counsel. Although the filing came as a surprise and shock to Defendants, based on the timing of the filing, it is clear that Plaintiff had already long planned on filing the motion, had already drafted it and the seven page memorandum in support, and had intended to file it all along. The timing of the lone conversation and sudden filing of the motion for sanctions suggests that the Plaintiffs did not instigate their sole contact with Defendants' counsel in good faith with a bona fide intention of resolving the dispute without the Court's intervention. Rather, it appears to be a calculated attempt by Plaintiff to simply make some contact so it could claim that it satisfied the Rule 37 requirements, file a motion for sanctions, and seek severe sanctions.

Plaintiff's certification is also of concern given the course of dealing between parties' counsel regarding discovery matters. As evidenced through their e-mails, counsel met and conferred frequently and in-depth to resolve issues, discovery or otherwise. Plaintiff's counsel cannot now claim that it believed it met the meet and confer requirement in good faith.

Moreover, Plaintiff had Joseph's November 6, 2009 production for 18 days before notifying Defendants of the missing TIFF files, three hours before seeking sanctions.

It is clear that Plaintiff failed to satisfy the meet and confer rule in good faith. Although Plaintiff may believe it was warranted to certify that it satisfied the Local Rule 37(E) requirement by technically meeting and conferring with Defendants, the Court should find that Plaintiff's 5-10 minute conversation with Defendants a scant three hours prior to filing a motion for sanctions and a seven page memorandum in support does not satisfy the good faith requirement under Local Rule 37(E). Therefore, Defendants respectfully request that the Court not consider Plaintiff's motion in its entirety.

## II. The Plaintiff Cannot Meet the Four Part Test to Impose Sanctions Under Rule 37.

The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37. The court must determine: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that non-compliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective. *Anderson v. Foundation for Advancement*, 155 F.3d 500, 504 (4th Cir. 1998).

Here, none of the four factors weigh in favor of the Plaintiff. First, the Defendants have not acted in bad faith. After the October 30, 2009 Order and after Defendants replaced their former counsel with their now-current counsel, Defendants have taken every possible step to comply with their litigation obligations and to meet the requirements of the October 30, 2009 Order. Joseph Loomis retained an e-discovery specialist to assist him in complying with the deficiencies from his November 6, 2009 production. Through a technical glitch, unbeknownst to Joseph, all the TIFF files did not transfer from his production to the DVD discs forwarded to the

Plaintiff. Once Joseph discovered the issue, he acted quickly and prudently to contact his e-discovery specialist to resolve the matter. Post October 30, 2009, Jenni Loomis also acted in good faith to comply with the Order and her litigation obligations. She provided her production first on October 30, 2009, then again on November 16, 2009, and again on November 18, 2009. Jenni responded quickly to provide the production once Defendants' counsel had instructed her to do so. It is clear that post October 30, 2009, both Defendants acted in good faith to comply with the Order and their litigation requirements. It is, perhaps, no coincidence that essentially at the same time, Defendants also replaced their lead counsel. Defendants should not now be punished for post October 30, 2009 delays that may potentially be appropriately attributed to their previous counsel.

Second, Plaintiff has not suffered any significant prejudice by the minor and brief post-October 30, 2009 delays. No trial date has been set. Upon information and belief, Plaintiff already has a vast majority of the document production they requested from Defendants. Thus, the brief delays should not have affected their deposition or trial preparation. The lack of prejudice is evident given the date when Plaintiff's first notified the Defendants of the defects compared to when Plaintiff initially received the production. Regarding Joseph's production, Plaintiff received on November 6, 2009, Plaintiff did not inform Defendants of any problems with it until November 24, 2009 – 18 days after they initially received it. Thus, either: (1) Plaintiff knew for some time that the production was defective but did not inform the Defendants because they were not genuinely interested in resolving the matter, or (2) Plaintiffs did not bother to investigate the production until around November 24 which suggests that the production was actually not that important to Plaintiffs.

Third, as discussed above, and as evidenced by their actions, Defendants have diligently complied with the October 30, 2009 Order and their general litigation obligations. Defendants' post-October 30, 2009 conduct and compliance is markedly different from what occurred pre-October 30, 2009. Although Defendants do not expect the Court to take their word for it, they do point to their recent conduct as evidence that further sanctions and deterrence are not required.

Last, Plaintiff's requested sanctions are overly excessive and incommensurate with the minor and brief delay in Defendants' post-October 30, 2009 Order. It appears that Plaintiff seeks further sanctions against Defendants for their pre-October 30, 2009 non-compliance. Looking purely at the post-October 30, 2009 issues, it is clear that the sanctions Plaintiff currently seeks are excessive and heavy-handed.

## CONCLUSION

Plaintiff's counsel's zealous representation of their clients should not come at the expense and disregard of the Federal and Local Rules. Their motion for sanctions, clearly filed without satisfying the meet and confer requirement, oversteps this line and should consequently not be considered. In the alternative, Plaintiff's motion should be denied because the Defendants have not acted in bad faith, the Plaintiff has not suffered prejudice, there is no additional need to deter future non-compliance, and less severe sanctions are more appropriate.

Dated This 2nd Day of December, 2009.

Respectfully Submitted,

JOSEPH C. LOOMIS and JENNI M. LOOMIS
By Counsel

/s/
Thomas M. Dunlap (VSB No. 44016)
Ellis Bennett (VSB No. 71685)
Phillip C. Chang (VSB No. 75741)
DUNLAP, GRUBB & WEAVER, PLLC
199 Liberty Street, SW
Leesburg, Virginia 20175
703-777-7319
703-777-3656 (fax)
tdunlap@dglegal.com
ebennett@dglegal.com
pchang@dglegal.com
*Counsel for the Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd Day of December, 2009, a true and correct copy of the foregoing Opposition was filed and served using the Court's CM/ECF system, which will then send a notice of electronic filing (NEF) to the following counsel of record for the Plaintiffs:

> Tara Lee (VSB No. 71594)
> Ryan C. Berry (VSB No. 67956)
> DLA PIPER, LLP (US)
> 1775 Wiehle Avenue, Ste. 400
> Reston, Virginia 20190
> Telephone: 703-773-4000
> Facsimile: 703-773-5000
> tara.lee@dlapiper.com
> ryan.berry@dlapiper.com
> *Counsel for Plaintiffs*

And I hereby certify that I will electronically mail the documents to the following non-filing users:

> David Clarke (admitted *pro hac vice*)
> Michelle J. Dickinson (admitted *pro hac vice*)
> Melissa R. Roth (admitted *pro hac vice*)
> DLA PIPER, LLP (US)
> 6225 Smith Avenue
> Baltimore, Maryland 21209
> Telephone: 410-580-3000
> Facsimile: 410-580-3001
> david.clarke@dlapiper.com
> michelle.dickinson@dlapiper.com
> melissa.roth@dlapiper.com
> *Counsel for Plaintiffs*

>                /s/
> Phillip C. Chang (VSB No. 75741)
> DUNLAP, GRUBB & WEAVER, PLLC
> 199 Liberty Street, SW
> Leesburg, Virginia 20175
> 703-777-7319
> 703-777-3656 (fax)
> pchang@dglegal.com
> *Counsel for the Defendants*