**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| Intersections Inc. and Net Enforcers, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Joseph C. Loomis and Jenni M. Loomis, <br><br> Defendants. | Civil Action No. 1:09CV597 (LMB/TCB) |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>INTERSECTIONS INC.'S SECOND MOTION FOR SANCTIONS</u>**

Plaintiff Intersections Inc. ("Intersections") submits this memorandum in support of its Motion for Sanctions filed contemporaneously herewith. Intersections seeks (1) the dismissal of the Counterclaims filed by Defendant Joseph C. Loomis ("Loomis") against Intersections and Net Enforcers, Inc. ("NEI") (collectively, "Plaintiffs"), (2) an adverse inference at trial that the documents Loomis has failed to properly produce would have proved the claims filed against him by Plaintiffs in the Complaint, (3) the striking of Loomis' affirmative defenses, (4) any other sanctions the Court deems appropriate, and (5) an award of its attorneys' fees and costs incurred in bringing this Motion.

**BACKGROUND**

On November 6, 2009, Loomis produced seven DVDs containing what was represented to be his complete document production, corrected in accordance with the Court's October 30, 2009 Order (the "Order"). Upon loading the DVDs into its document review software and beginning its review of those documents, Plaintiffs discovered that Loomis' document production was missing a total of 60,654 TIFF images. Plaintiffs filed a Motion for Sanctions on

November 24, 2009. On December 2, 2009, Loomis provided to Plaintiffs the 60,654 missing TIFF images. The Court heard argument on the Motion for Sanctions on Friday, December 4, 2009. During that hearing, Plaintiffs represented to the Court that it was their belief that Loomis had produced all of his documents in accordance with the Court's Order.

At the time of the hearing, Plaintiffs had determined that Loomis had produced the missing TIFF images. Today, during the course of Plaintiffs' review of Loomis' electronic documents, however, Plaintiffs' IT specialist discovered that Loomis' production is missing another almost 10,000 additional pages of documents. Loomis has failed to provide Plaintiffs *any* metadata, native files, or images associated with the Bates number range JL0273745 through JL0283381.

## ARGUMENT

Rule 37 of the Federal Rules of Civil Procedure and Local Civil Rule 37 set forth the manner in which a party may seek sanctions against an opposing party for certain failures of discovery. Federal Rule of Civil Procedure 37(b)(2) provides, in pertinent part:

> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> . . .
>
> (C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Rule 37 clearly provides that the rendering of a default judgment against the disobedient party or parties is an appropriate remedy for a discovery violation.

In the present case, the Court's Order was clear: Loomis was required to deliver *all* documents to Intersections' counsel by 5:00 p.m. on Friday, November 6, 2009 in the format agreed to in the Discovery Order. In addition to the missing TIFF images referred to in Plaintiffs first Motion for Sanctions, Loomis has failed to provide Plaintiffs *any* metadata, native files, or images associated with the Bates number range JL0273745 through JL0283381. Accordingly, Loomis has failed to fully comply with the Order.

Discovery closes on Friday; and the pretrial conference is scheduled for Thursday, December 17, 2009. Plaintiffs have been deprived of the use of these documents during discovery and will have no meaningful use of Loomis' documents before the deadline for designating exhibits.

The Order provides: "Any violations of this order or any future misconduct will result in substantive sanctions as to defendants, as well as monetary sanctions against defendants and their counsel, including local counsel, jointly and severally, and revocation of pro hoc vice status of Arizona counsel."

Intersections respectfully requests that the Court:

(1) Dismiss with prejudice the Counterclaims filed by Loomis against Plaintiffs;

(2) Draw an adverse inference that the documents Loomis failed to properly produce during the course of discovery in this litigation would have proved the claims filed against him by Plaintiffs in the Complaint;

(3) Strike the affirmative defenses asserted by Loomis;

(4) Award any other sanctions the Court deems appropriate; and

(5) Award Intersections its attorneys' fees and costs incurred in bringing this Motion.

Plaintiffs do not request an extension of the discovery period.

## CONCLUSION

For the reasons set forth above, Intersections respectfully requests that the Court grant its Second Motion for Sanctions against Defendant Joseph C. Loomis as outlined above and award its attorneys' fees and costs in brining this Motion.

Dated: December 7, 2009

Respectfully submitted,

By: ___/s/_____
Tara Lee (Virginia Bar No. 71594)
Ryan C. Berry (Virginia Bar No. 67956)
Attorneys for Plaintiffs
DLA PIPER LLP (US)
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Telephone: 703.773.4000
Facsimile: 703.773.5000
Tara.Lee@dlapiper.com
Ryan.Berry@dlapiper.com

David Clarke (admitted *pro hac vice*)
Michelle J. Dickinson (admitted *pro hac vice*)
Melissa R. Roth (admitted *pro hac vice*)
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone: 410.580.3000
Facsimile: 410.580.3001
David.Clarke@dlapiper.com
Michelle.Dickinson@dlapiper.com
Melissa.Roth@dlapiper.com

*Attorneys for Plaintiffs*
*Intersections Inc. and Net Enforcers, Inc.*

Case 1:09-cv-00597-LMB-TCB   Document 71   Filed 12/07/09   Page 6 of 6 PageID# 1121

Case 1:09-cv-00597-LMB-TCB   Document 71   Filed 12/07/09   Page 6 of 6 PageID# 1121

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of December, 2009, I caused the foregoing Memorandum of Law in Support of Intersections Inc.'s Second Motion for Sanctions to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Thomas M. Dunlap, Esquire
> Email: tdunlap@dglegal.com
> David Ludwig, Esquire
> Email: dludwig@dglegal.com
> Dunlap, Grubb & Weaver P.C.
> 199 Liberty Street, S.W.
> Leesburg, Virginia 20175
>
> *Counsel for Defendants Joseph C. Loomis and Jenni M. Loomis*

      /s/
Tara Lee
Virginia bar number 71594
Attorney for Plaintiffs
DLA PIPER LLP (US)
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190-5159
Phone: (703) 773-4150
Facsimile: (703) 773-5000
tara.lee@dlapiper.com

EAST\42631360.1