**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| INTERSECTIONS INC. <br> and <br> NET ENFORCERS, INC., <br><br> **Plaintiffs and Counter-Defendants,** <br><br> v. <br><br> JOSEPH C. LOOMIS, <br><br> **Defendant and Counter-Plaintiff** <br><br> and <br><br> JENNI M. LOOMIS, <br><br> **Defendant**. | Civil Action No. 1:09cv00597 (LMB/TCB) |

**MEMORANDUM IN OPPOSITION TO MOTION**
**TO STAY ACTION AS TO JENNI M. LOOMIS**

Defendant Jenni M. Loomis, through counsel, submits this memorandum in opposition to Plaintiff's motion to temporarily stay action as to her so that Plaintiff can "have a better understanding of the status of Joe Loomis' bankruptcy case." This rationale does not meet the standard of justifying a discretionary stay by clear and convincing circumstances outweighing the potential harm to the party against whom it is operative. Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); Williford v. Armstrong World Industries, Inc., 715 F.2d 124 (4th Cir. 1983). Jenni Loomis is entitled to have her day in court and have her chance to exonerate herself from the accusations made by Plaintiff without further delay.

Plaintiff's claims against Jenni Loomis are long on rhetoric and short on substance. Joe Loomis was the sole beneficiary of the sale of his company, Net Enforcers, Inc., of which he

1

owned one hundred percent of the stock.  Plaintiff must admit that Jenni Loomis is not and never was a principal of that entity.  It was Joe Loomis who entered into the stock purchase agreement and made the representations and warranties, not Jenni Loomis.  It was Joe Loomis who was paid $20 million in cash, stock options and earn-out compensation, not Jenni Loomis.  It was Joe Loomis who earned a $250,000 annual salary post acquisition, not Jenni Loomis.  And Plaintiff's attempt to portray Jenni Loomis, who worked briefly as a contract bookkeeper earning $1,200 per month falls flat when the amount of the bonus, $4,000, is disclosed and was part of a series of bonuses paid to other Net Enforcers employees ranging from $750 to $5,000 for a total of $44,000 prior to the closing of the transaction.

Notwithstanding the use of the colloquial expressions of "cooking the company's books" the actual substance learned in Jenni Loomis' discovery deposition is that she generated invoices as directed by Joe Loomis, and other Net Enforcers' employees such as Danielle and Jason Wood.  And she made journal entries in the accounts as directed by Joe Loomis or as directed by the company's outside CPA.  Where the case against her falls short is in the suggestion that she generated bogus invoices and made corrective journal entries with knowledge of and intent to defraud Plaintiff in the acquisition of Net Enforcers, a transaction about which she had no knowledge of the details.

The claims against Jenni Loomis are that she made material misrepresentations to Intersections, Count III – Fraud, and that she knowingly conspired with Joe Loomis to commit fraud, Count VII – Conspiracy.  Under prevailing jurisprudence, the fraud count requires Plaintiff to prove that Jenni Loomis knowingly made a misrepresentation of fact to Intersections (she did not have any interaction with them in any respect) and the conspiracy count requires Plaintiff to prove damage resulted from Jenni Loomis' knowing and malicious acts, not just that

there was a combination with her brother, or that she carried out his instructions as an employee.[1]  CaterCorp Inc. v. Catering Concepts, Inc., 246 Va. 22, 431 S.E. 2d 277 (1993) quoting Gallop v. Sharp, 179 Va. 335, 338, 19 S.E.2d 84, 86 (1942).  So mere proof of combination, or generating invoices and journal entries is not enough; the plaintiff must prove that each defendant sought to damage the plaintiff by pursuing an act through the formed conspiracy, willfully and maliciously. Va. Code Ann. *§ 18.2-499*, and resulting damage to the plaintiff, Va. Code Ann.*§ 18.2-500*.  Allen Realty Corp. v. Holbert, 227 Va. 441, 449, 318 S.E.2d 592, 596 (1984). See Tazewell Oil Co. v. United Va. Bank, 243 Va. 94, 107-09, 413 S.E.2d 611, 618-19 (1992).

The facts necessary to support the claim against Jenni Loomis simply do not exist.  At the end of Plaintiff's case against her, Defendant Jenni Loomis anticipates prevailing on a motion for judgment.

In any event, the mere filing of a bankruptcy petition by one defendant and the potential for more than one proceeding is not the type of circumstance justifying a discretionary stay. Cincinnati Insurance Company v. American Glass Industries, 07-cv-1133, 2008 U.S. Dist. LEXIS 40064 (E.D. Va. 2008).  In Cincinnati Insurance Company v. American Glass, supra, one of the defendants filed for bankruptcy relief and the co-defendants moved for a discretionary stay.  Finding that the bankruptcy debtor was not an indispensible party because co-obligors in tort are jointly and severally liable, Judge Cacheris ruled that the co-defendants were not entitled to the automatic stay coincident with the bankruptcy filing of the debtor.  As to a discretionary stay, Judge Cacheris considered the hardship of the opposing party were a stay granted in having to wait additional time for its day in court.  Judge Cacheris also noted that the circumstances

---

[1] The unrebutted testimony is that Jenni Loomis and her brother Joe Loomis are not close seeing each other perhaps once per year.  And Jenni Loomis worked remotely from her home in North Carolina whereas her brother and the main employees of Net Enforcers were either in Arizona or Florida.

under which bankruptcy courts issue discretionary stays were unusual and that they arise when there is such identity with the debtor that the debtor may be said to be the real party defendant and that the judgment against the defendant would in effect be a judgment against the debtor. An example is when the defendant is entitled to absolute indemnity by the debtor on account of any judgment such as to essentially defeat the purpose of the debtor's automatic stay.

Similarly, in this case, there is no set of unusual circumstances that would justify the entry of the discretionary stay. The clear and convincing set of circumstances must be unusual and must be of the type that would be tantamount to defeating the purpose of the debtor's automatic stay. Those plainly do not exist here and cannot be said to outweigh the harm to Jenni Loomis having further delay to her day in court and opportunity to exonerate herself. Accordingly, the grounds for a discretionary stay do not exist and Plaintiff's motion for that relief must be denied.

Respectfully Submitted,

_____/s/_____
Eugene W. Policastri (65837)
Bromberg Rosenthal LLP
401 N. Washington St., Suite 500
Rockville, MD 20850
301-251-6200
301-309-9436 – facsimile
ewpolicastri@brsglaw.com

Attorneys for Defendant,
Jenni M. Loomis

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on February 17, 2010 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ryan C. Berry
Tara M. Lee
DLA Piper LLP (US)
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190-5159

David Clarke
Michelle J. Dickinson
Melissa R. Roth
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209

*Counsel for Intersections Inc. and*
*Net Enforcers, Inc.*

Timothy J. McEvoy
Cameron McEvoy, PLLC
11325 Random Hills Road
Suite 200
Fairfax, VA  22030

*Counsel for Defendant Joseph C. Loomis*

  And I hereby certify that I will mail the document by U.S. Mail to any non-filing users who are parties in this case.

              _____/s/_____
                Eugene W. Policastri (65837)
                Bromberg Rosenthal LLP
                401 N. Washington St., Suite 500
                Rockville, MD  20850
                301-251-6200