1

```
                   UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                        ALEXANDRIA DIVISION

INTERSECTIONS INC. and      .      Civil Action No. 1:09cv597
NET ENFORCERS, INC.,        .
                            .
        Plaintiffs and      .
        Counter-Defendants, .
                            .
    vs.                     .      Alexandria, Virginia
                            .      February 19, 2010
                            .      10:00 a.m.
JOSEPH C. LOOMIS,           .
                            .
        Defendant and       .
        Counter-Plaintiff,  .
                            .
    and                     .
                            .
JENNI M. LOOMIS,            .
                            .
        Defendant.          .
                            .
 . . . . . . . . . . . .

                    TRANSCRIPT OF MOTION HEARING
                BEFORE THE HONORABLE LEONIE M. BRINKEMA
                    UNITED STATES DISTRICT JUDGE
```

<u>APPEARANCES</u>:

FOR THE PLAINTIFFS AND          MICHELLE J. DICKINSON, ESQ.
  COUNTER-DEFENDANTS:           DLA Piper LLP (US)
                                6225 Smith Avenue
                                Baltimore, MD 21209

FOR DEFENDANT JENNI M.          EUGENE W. POLICASTRI, ESQ.
  LOOMIS:                       Bromberg Rosenthal LLP
                                401 N. Washington Street
                                Rockville, MD 20850

OFFICIAL COURT REPORTER:        ANNELIESE J. THOMSON, RDR, CRR
                                U.S. District Court, Fifth Floor
                                401 Courthouse Square
                                Alexandria, VA 22314
                                (703)299-8595

                    (Pages 1 - 8)

         COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

```
 1                     P R O C E E D I N G S
 2            THE CLERK:  Civil Action 09-597, Intersections Inc., et
 3   al. v. Joseph C. Loomis, et al.  Would counsel please note their
 4   appearances for the record.
 5            MS. DICKINSON:  Good morning, Your Honor.  Michelle
 6   Dickinson for the plaintiffs, Intersections and Net Enforcers.
 7            THE COURT:  Good morning.
 8            MR. POLICASTRI:  Good morning.  Gene Policastri for the
 9   defendant Jenni Loomis.
10            THE COURT:  All right.  As you know, the plaintiffs have
11   moved for a stay of this action as to Ms. Loomis.  This is a case
12   which Judge Buchanan spent a great deal of time on and advised the
13   Court some time ago that the case had settled.  The parties had
14   reached an agreement, they were working on the papers, and
15   Mr. Loomis was supposed to be working on some financial
16   transactions in order to be able to fulfill the agreement, and
17   Ms. Jenni Loomis had signed on to that agreement.
18            Of course, as we all know, what happened was, in fact,
19   there has been a change of position by Mr. Loomis, and he has, in
20   fact, filed for bankruptcy protection, and I understand from
21   what's just been filed that the plaintiff is moving to have that
22   stay lifted, but the reality of it is at this point, this case is
23   a bit of a mess.
24            I know that Ms. Loomis wants the case resolved
25   expeditiously, but I don't think that this makes good sense given
```

1  the background of this case.  No. 1, I think there is a legitimate
2  issue as to whether or not the parties reached a settlement, and
3  this Court takes settlement agreements very seriously, and that
4  issue has to be resolved, and it can't really be resolved without
5  Mr. Loomis's involvement, and so the request that there be some
6  short stay makes good sense to the Court.
7          So I'm going to grant the motion to stay to this extent:
8  I want to see what happens with the bankruptcy court and whether
9  or not the bankruptcy court agrees to lift the stay.  If the stay
10 is lifted, then it's my understanding that the first thing that's
11 going to happen is there will be a motion by the plaintiff to
12 enforce the settlement agreement.
13         Is that a correct understanding of what's going to
14 happen?
15         MS. DICKINSON:  Your Honor, it would be a motion to --
16 it would be a motion to declare the enforceability of the
17 settlement agreement as to Joe Loomis, because it would have to be
18 enforced in the bankruptcy court, and it would be -- but we would
19 seek to enforce the agreement as to Jenni Loomis here in this
20 court.
21         THE COURT:  Right.  Now, I have had those proceedings
22 before, and I just want to put everybody on notice that they're
23 not pretty, because it will require that the attorneys be called
24 as witnesses to testify, and so what you-all have to be thinking
25 about is the potential conflicts of interest that you may have as

1  to your various clients, and, of course, this adds additional
2  expense to this litigation.
3         As I understand it, because I know what her practice is
4  and I think some of this is recited in the plaintiffs' papers,
5  Judge Buchanan's practice -- and she, I believe, followed it
6  here -- is after the parties have reached a settlement, and, of
7  course, they are always oral at that point, because all the
8  nitty-gritty details haven't been written down, she writes down an
9  outline of what has been agreed to, and she has the parties
10 confirm that that is, in fact, the agreement, and that becomes
11 pretty powerful evidence that an agreement has been formed.
12        So again, I've had one or two of those types of
13 evidentiary hearings, but I'm just putting counsel on notice that
14 if the bankruptcy court lifts the stay or even if it doesn't,
15 there may still be a motion to enforce the settlement agreement as
16 to Jenni Loomis.  Counsel need to be prepared to be looking for
17 further counsel or at least to address the ethical issues of
18 serving as a witness in such a proceeding.
19        How long do you expect the bankruptcy court is going to
20 take to decide the stay issue, the lifting the stay issue?
21        MS. DICKINSON:  Our bankruptcy court at -- our
22 bankruptcy attorney at DLA Piper has advised us that it could
23 happen as quickly as 30 days, but he felt that giving us 90 days
24 would be enough time for us to get the issue resolved.
25        THE COURT:  All right.  I'm going to go ahead and grant

1    the 90-day request, and I'll issue an order to that effect and
2    require that there'll be a status conference at the end of that
3    time period to see where this case is.
4            Now, having said that, I know you-all invested a great
5    deal of time in settling, and just remind me, the various
6    sanctions motions that were out there, were those basically
7    abandoned because the case settled, or were there final rulings on
8    those motions?
9            MS. DICKINSON:  The motion for sanctions as to the
10   spoliation had not been decided.  Their response was due the day
11   after Joe filed bankruptcy.  That was only as to Joe, not as to
12   Jenni.  The hearing was supposed to be that Friday.
13           THE COURT:  All right.
14           MS. DICKINSON:  Now, there were other sanctions motions
15   where attorneys' fees were to be awarded to, to the plaintiffs.
16           THE COURT:  Under rule 37 for violations of discovery
17   orders?
18           MS. DICKINSON:  Yes, Your Honor.
19           THE COURT:  Okay.
20           MS. DICKINSON:  And those were outstanding.
21           THE COURT:  All right.
22           MS. DICKINSON:  So we had submitted our attorneys' fees
23   for one of the motions, we had not submitted our attorneys' fees
24   for the other, and Judge Buchanan was waiting for us to brief the
25   reasonableness of our fees.

1      THE COURT:  All right.  Well, I'm going to call off the
2 trial for March 1, so that's off the docket.  We'll address this
3 case in approximately 90 days as a status conference.
4      Now, anytime before then if something dramatically
5 changes, especially with Ms. Loomis, you can advise chambers, and
6 I would think that Ms. Loomis needs to think very carefully about
7 how much further she wants to keep, you know, litigating this
8 matter, but that's, that's up to her and counsel to decide.
9      MR. POLICASTRI:  That is, of course, a financial
10 decision.  She doesn't have the money to pay for a trial, and she
11 doesn't have the money to pay them, so -- and under the terms of
12 the settlement agreement that were constructed, the idea was that
13 this settlement agreement would be funded by money and properties
14 from Joe Loomis, and I don't think there was ever any
15 contemplation that if Joe Loomis didn't pay anything, that Jenni
16 Loomis would be paying the 7 million.
17      She may be obligated to pay it; that's something we'll
18 decide at a later date; but whether or not she can pay it is, I
19 think, a different issue; and I think everybody recognizes that.
20      THE COURT:  Well, there may still be some creative way
21 you-all can work out a satisfactory resolution as to, as to Jenni
22 Loomis.  I mean, obviously, the old adage that you can't get blood
23 from a turnip, if she has no money, she has no money.
24      However, the little I know about this case is there
25 certainly have been allegations that some of these monies were

1  being diverted to family members by Mr. Loomis, and there would
2  have to be some issue about access to her financial records, etc.,
3  to satisfy the plaintiffs, which is not happening.
4           MR. POLICASTRI:  Which I would be willing to give the
5  plaintiffs --
6           THE COURT:  Yeah, so --
7           MR. POLICASTRI:  Michelle Dickinson and I have discussed
8  this, and I'm willing to give them a financial statement that
9  shows exactly what she has, what she got.
10          THE COURT:  Or continuing access to -- I mean, again, I
11 would think if, in fact, Ms. Loomis is a party from whom the
12 plaintiffs don't realistically anticipate recouping any resources
13 and that she was in this case primarily perhaps to put some
14 pressure on Mr. Loomis, I don't know why she's here, but again,
15 you worked so hard on getting a settlement.  There is no reason in
16 my view why you couldn't continue to work in that direction as to
17 Jenni Loomis.
18          MR. POLICASTRI:  And I'm not opposed to that, either.
19          THE COURT:  All right.  Well, then if you both are of
20 that mind, again, see what you can do with Judge Buchanan, all
21 right?  She's the one who has the background on trying to resolve
22 this case.
23          But in the meantime, everything will be stayed, and, of
24 course, there are still those pending motions for sanctions and
25 attorneys' fees that if for some reason you don't settle and the

8

1  case gets back on the docket, everybody is still exposed on those
2  things, all right?  Thank you.
3          MR. POLICASTRI:  Thank you.
4          MS. DICKINSON:  Thank you, Your Honor.
5                       (Which were all the proceedings
6                        had at this time.)
7
8                  CERTIFICATE OF THE REPORTER
9     I certify that the foregoing is a correct transcript of the
10 record of proceedings in the above-entitled matter.
11
12
13                           /s/
                        Anneliese J. Thomson
14
15
16
17
18
19
20
21
22
23
24
25