**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| Intersections Inc. and Net Enforcers, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Joseph C. Loomis and Jenni M. Loomis, <br><br> Defendants. | Civil Action No.  1:09CV597 (LMB/TCB) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO FILE UNDER SEAL THE MEMORANDUM IN SUPPORT OF THEIR
MOTION TO ENFORCE THE SETTLEMENT AGREEMENT,
THE DECLARATION OF MICHELLE J. DICKINSON,
FILED IN SUPPORT THEREOF, AND EXHIBITS 1 AND 2 APPENDED THERETO**

Plaintiffs Intersections Inc. ("Intersections") and Net Enforcers, Inc. ("NEI"), by counsel, respectfully request that the Court enter an Order sealing (1) the Memorandum in Support of their Motion to Enforce the Settlement Agreement (the "Memorandum in Support"), (2) the Declaration of Michelle J. Dickinson, filed in support thereof (the "Dickinson Declaration"), and (3) Exhibits 1 and 2 appended to the Dickinson Declaration (the "Exhibits").  In support of this Motion, Plaintiffs state as follows:

1. On May 27, 2009, Plaintiffs filed with the Court a Complaint alleging that Defendants Joseph C. Loomis ("Joe Loomis") and Jenni M. Loomis "(Jenni Loomis") engaged in a scheme to defraud Intersections in connection with Intersections' acquisition of NEI in 2007. Indeed, Defendants defrauded Intersections out of millions of dollars by making it appear as though Joe Loomis' company, NEI, was something other than it was.  They did so, purposefully and collectively, by cooking the company's books and overcharging NEI's customers, both

before Intersections acquired NEI and thereafter during the period when Joe Loomis continued to run NEI for Intersections and Jenni Loomis continued to work as its bookkeeper.

2. On January 14, 2010, the parties settled those claims. Pursuant to the terms of the settlement agreement, the terms of the settlement are to be kept confidential except as required by law, potential acquirers, advisors, and accountants.

3. Defendants have failed to comply with the terms of the settlement agreement. Plaintiffs, therefore, today are filing a Motion to Enforce the Settlement Agreement, the Memorandum in Support, the Dickinson Declaration, and the Exhibits.

4. The Memorandum in Support, the Dickinson Declaration, and the Exhibits all contain detailed information concerning the terms of the settlement agreement. Indeed, Exhibit 1 to the Dickinson Declaration contains the handwritten notes of United States District Magistrate Judge Theresa Carroll Buchanan, who presided over the settlement conference during which the parties entered into the settlement agreement. This information is, by agreement of the parties, to be kept confidential.[1]

5. Public disclosure of the confidential information contained in the Memorandum in Support, the Dickinson Declaration, and the Exhibits would violate the express terms of the settlement agreement.

6. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), sets forth the legal standard that this Court must apply when determining whether it is appropriate to order the sealing of documents. It states that before entering an Order to seal, a district court must "(1)

---

[1] Though Plaintiffs' Motion to Enforce the Settlement Agreement discloses the total amount that Defendants agreed to pay Plaintiffs as part of the settlement agreement, that information previously was disclosed by Joe Loomis in a filing with the United States Bankruptcy Court for the District of Arizona. Plaintiffs, therefore, do not seek to seal their Motion to Enforce the Settlement Agreement. Plaintiffs also do not seek to seal Exhibits 3 and 4 attached to the Dickinson Declaration.

provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to the seal the documents and for rejecting the alternatives."

7. Plaintiffs' motion to seal has been docketed for hearing on Friday, July 9, 2010, thus providing public notice and a reasonable opportunity for interested parties to object.

8. Redacting the information from these documents is not a viable option, given that the sole focus of the documents is the terms of the settlement agreement and Defendants' violation of the agreement. There thus are no less drastic alternatives to sealing the aforementioned documents.

9. The third *Ashcraft* consideration also is easily satisfied. On January 14, 2010, the parties entered into a settlement agreement, which required the terms of the settlement agreement to be kept confidential. Defendants violated the terms of the settlement agreement, and now Joe Loomis contends that there was no enforceable settlement agreement. Plaintiffs, therefore, filed a Motion to Enforce the Settlement Agreement, the Memorandum in Support, the Dickinson Declaration, and the Exhibits. The Memorandum in Support, the Dickinson Declaration, and the Exhibits contain confidential information regarding the terms of the settlement agreement.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order sealing the Memorandum in Support, (2) the Dickinson Declaration, and (3) Exhibits 1 and 2.

Dated: June 30, 2010                    Respectfully submitted,

By:    /s/
    Ryan C. Berry (Virginia Bar No. 67956)
    Tara Lee (Virginia Bar No. 71594)
    Attorneys for Plaintiffs
    DLA PIPER LLP (US)
    1775 Wiehle Avenue, Suite 400
    Reston, Virginia 20190
    Telephone: 703.773.4000
    Facsimile: 703.773.5000
    Ryan.Berry@dlapiper.com
    Tara.Lee@dlapiper.com


    David Clarke (admitted *pro hac vice*)
    Michelle J. Dickinson (admitted *pro hac vice*)
    Melissa R. Roth (admitted *pro hac vice*)
    Attorneys for Plaintiffs
    DLA Piper LLP (US)
    6225 Smith Avenue
    Baltimore, Maryland 21209
    Telephone: 410.580.3000
    Facsimile: 410.580.3001
    David.Clarke@dlapiper.com
    Michelle.Dickinson@dlapiper.com
    Melissa.Roth@dlapiper.com

    *Attorneys for Plaintiffs*
    *Intersections Inc. and Net Enforcers, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June, 2010, I will electronically file the foregoing Plaintiffs' Memorandum in Support of their Motion to File Under Seal the Memorandum in Support of their Motion to Enforce the Settlement Agreement, the Declaration of Michelle J. Dickinson Filed in Support Thereof, and Exhibits 1 and 2 Appended Thereto, with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Timothy J. McEvoy
> Cameron McEvoy, PLLC
> 11325 Random Hills Road
> Suite 200
> Fairfax , VA 22030
> (703) 273-8898
> Email: tmcevoy@cameronmcevoy.com
>
> *Counsel for Defendant Joseph C. Loomis*
>
> Eugene W. Policastri
> Bromberg Rosenthal LLP
> 401 N. Washington St., Suite 500
> Rockville, MD  20850
> (301) 251-6200
> Email:  ewpolicastri@brsglaw.com
>
> *Counsel for Defendant Jenni M. Loomis*

>                 /s/
> Ryan C. Berry (Virginia Bar No. 67956)
> Attorney for Plaintiffs
> DLA PIPER LLP (US)
> 1775 Wiehle Avenue, Suite 400
> Reston, Virginia 20190-5159
> Phone: (703) 773-4150
> Facsimile: (703) 773-5000