UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Intersections, Inc., et al.<br><br>           Plaintiff,<br><br>           v.<br><br>Joseph C. Loomis, et al.,<br><br>           Defendant. | Case No. 1:09cv597 (LMB/TCB) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE BRIEF AND EXHIBITS UNDER SEAL AND TO PERMIT FORMER COUNSEL TO TESTIFY**

Defendant Joseph C. Loomis, by counsel, hereby files this memorandum in support of his motion for leave to file under seal his brief and any exhibits related to his Opening Brief in Opposition to Plaintiffs' Motion to Enforce Settlement Agreement. In addition, this brief is filed in support of his motion for a conditional order declaring that Thomas M. Dunlap and Ellis L. Bennett may testify at any hearing of this matter.

**A. Filings Under Seal.**

On a joint conference call on June 28, 2010, counsel for Plaintiffs indicated that she believed that briefs and certain exhibits related to an alleged settlement should be filed under seal because the alleged settlement contains a confidentiality provision. There was no objection to this by counsel for Ms. Jenni Loomis. Pending judicial review of the positions of the parties on the enforceability of the settlement, Mr. Loomis agrees that sealing is appropriate, but the ground he relies upon is that Local Rule 83.6(E) provides that all communications related to confidential mediations should remain confidential. In addition, Mr. Loomis agrees that certain exhibits that the parties have marked as "Confidential" under the Stipulated Protective Order in this case must

1

be filed under seal. *See Level 3 Comm'ns, Inc. v. Limelight Networks, Inc.*, 611 F.Supp.2d 572 (E.D. Va. 2009) (holding that private interests, including the interest in protecting trade secrets, may override the public right of access). Thus, Mr. Loomis agrees that sealing is appropriate at least until the Court rules on the issue of whether the settlement is enforceable.[1]

In *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir.2000), the Fourth Circuit identified the truism that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests" (internal quotation marks omitted). In order to seal documents, the court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

The public notice requirement may be satisfied by docketing the motion to seal. *See Harrell v. Duke University Health System, Inc.*, 2007 WL 4460429, 1 (D.S.C. 2007). Where a document is subject to a protective order but is material to the litigation, a court has the discretion to permit the document to be filed under seal. *See Grady v. Jefferson County Bd. Of County Com'rs*, 2008 WL 619219, 3 (D.Colo. 2008) ("the existence of a protective order, together with [enforcement of the protective] order, would likely supply the 'compelling reason' sufficient to support the filing of a document under seal, at least in the first instance."); *DAG Enterprises v. Exxon Mobile Corp.*, 2005 WL 475274, 3 (D.D.C. 2005) (granted defendants' motion to file documents under seal that were subject to a protective order but that were essential to defendants' opposition).

---

[1] However, the need to maintain confidentiality of mediation procedures would seem to require a closed courtroom, and thus the issue of the scope of any order to seal must be revisited prior to the evidentiary hearing that is scheduled to occur on August 6, 2010.

2

In this case, the papers Mr. Loomis seeks to file under seal are subject to a sealing requirement either by virtue of Local Rule 83.6, pursuant to this Court's Stipulated Protective Order or pursuant to the alleged settlement agreement should the Court rule against him. At the same time, the documents are material to the issue of whether there was an enforceable settlement agreement. Given the private nature of the parties' dispute, the Local Rules, the need to file documents under seal as directed by the Protective Order and the Court's need to consider the materials, granting the relief requested herein is appropriate.

### B. The Testimony Of Messrs. Dunlap and Bennett.

Mssrs. Dunlap and Bennett formerly represented Mr. Loomis until they withdrew because of a conflict. While Mr. Loomis contends that the terms and conditions of the incomplete settlement cannot be supplemented by the testimony of mediation participants (as set forth in his Opening Brief), he recognizes that the Court has expressed (at least initially) a contrary view on the conference call on June 28, 2010. Specifically, the Court indicated that she felt it would not be inappropriate for Mssrs. Dunlap and/or Bennett to testify though she indicated that the undersigned could raise his legal issues concerning Local Rule 83.6 in a memorandum of law. The Court further indicated that she would be willing to enter an Order clarifying that Mssrs. Dunlap and Bennett could testify if the Court were to rule that Local Rule 83.6 did not preclude such testimony. Accordingly, the undersigned seeks an order permitting Mssrs. Dunlap and Bennett to testify at any hearing of this matter if the Court ultimately concludes that Local Rule 83.6 is not a bar to such testimony.

WHEREFORE, Defendant Joseph Loomis, by counsel, respectfully requests the Court to grant permission to file his pleadings and papers related to the Plaintiffs' motion to enforce settlement agreement under seal, to conditionally permit Messrs. Dunlap and Bennett to testify, and for such other and further relief as justice may require.

Respectfully submitted,

/s/_____
Timothy J. McEvoy, VSB No. 33277
CAMERON MCEVOY, PLLC
11325 Random Hills Road, Suite 200
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (Facsimile)
tmcevoy@cameronmcevoy.com
Counsel for Defendant, Joseph C. Loomis

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2010, I have filed a true and correct copy of the foregoing with the Clerk of Court via the CM/ECF efiling system which will send notification of this filing to the following counsel of record:

Tara Lee, Esquire
Ryan C. Berry, Esquire
DLA Piper LLP
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Counsel for Plaintiffs

David Clarke, Esquire
Michelle J. Dickinson, Esquire
Melissa R. Roth, Esquire
DLA Piper LLP
6225 Smith Avenue
Baltimore, Maryland 21209
Counsel for Plaintiffs

Eugene Walter Policastri, Esquire
Bromberg Rosenthal LLP
401 North Washington Street, Suite 500
Rockville, Maryland 20850
Counsel for Defendant Jenni Loomis

/s/_____
Timothy J. McEvoy, VSB No. 33277
CAMERON MCEVOY, PLLC
11325 Random Hills Road, Suite 200
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (Facsimile)
tmcevoy@cameronmcevoy.com
Counsel for Defendant, Joseph C. Loomis

5