IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Intersections Inc. and Net Enforcers, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Joseph C. Loomis and Jenni M. Loomis, <br><br> Defendants. | Civil Action No.  1:09CV597 (LMB/TCB) |

**PLAINTIFFS' RESPONSE TO MOTION FOR LEAVE TO FILE BRIEF AND EXHIBITS UNDER SEAL AND FOR CONDITIONAL ORDER TO PERMIT FORMER COUNSEL TO TESTIFY**

Plaintiffs Intersections Inc. ("Intersections") and Net Enforcers, Inc. ("NEI") (collectively, "Plaintiffs") submit this response to the Motion for Leave to File Brief and Exhibits Under Seal and For Conditional Order to Permit Former Counsel to Testify ("Motion to Seal") filed by Defendant Joseph C. Loomis ("Joe Loomis") and adopted by reference by Defendant Jenni M. Loomis ("Jenni Loomis") (collectively, "Defendants").  There is no dispute among the parties regarding the necessity of sealing the motion to enforce the settlement agreement, opposition and reply papers, and certain exhibits thereto.  Joe Loomis contends, however, that Local Rule 83.6 requires the papers to be sealed and prohibits introduction of evidence at the hearing, specifically his former counsel's testimony, regarding the settlement negotiations and resulting settlement agreement.  While Joe Loomis more fully briefed this argument in his opposition to the motion to enforce the settlement agreement, he has requested in the Motion to Seal a conditional order permitting his former counsel to testify at the hearing.  Plaintiffs believe this is a non-issue, as Local Rule 83.6 does not prohibit introduction of

evidence regarding settlement negotiations and agreements for the purpose of enforcing a settlement agreement. Notwithstanding, Plaintiffs briefly shall address Joe Loomis' argument.

Taken to its logical extreme, Joe Loomis's interpretation of the Local Rule would permit parties to enter into binding settlement agreements, breach the agreements, and leave their counterparts devoid of any recourse, as evidence of the settlement would be excluded from any enforcement hearing. Neither Local Rule 83.6 nor Federal Rule of Evidence 408 countenance such a result. Local Rule 83.6 provides that the substance of communications during a mediation must not be disclosed to nonparticipants. The Local Rule provides, however, that it does not modify Federal Rule of Evidence 408:

> (E) The substance of communication in the mediation process shall not be disclosed to any person other than participants in the mediation process; provided, however, that <u>nothing herein shall modify the application of Federal Rule of Evidence 408</u> nor shall use in the mediation process of an otherwise admissible document, object, or statement preclude its use at trial.

*See* Local Rule 83.6(E), Local Rules for the United States District Court, Eastern District of Virginia (May 12, 2009) (emphasis added).

Federal Rule of Evidence 408 provides that although evidence regarding compromise or offers to compromise is not admissible at trial to prove liability for, invalidity of, or amount of a claim, or to impeach a participant, such evidence is admissible for other purposes:

> **Rule 408 Compromise and Offers to Compromise**
>
> **(a) Prohibited uses.** Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish or accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise the claim, and (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

2

> **(b) Permitted uses.** <u>This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a).</u> Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

*See* Federal Rule of Evidence 408 (emphasis added).

Among those "other purposes" is the enforcement of a settlement agreement. Indeed, courts have held that evidence regarding settlement negotiations and agreements is admissible for purposes of enforcing a settlement agreement. *See Loppert v. Windsortech, Inc.*, 865 A.2d 1282, 1286 (Del. Ch. 2004) (evidence of settlement negotiations was admissible in action to enforce settlement agreement). In *Loppert*, for example, the defendant contended that Delaware Rule of Evidence 408 prohibited the plaintiff from relying on evidence of settlement negotiations during a hearing to enforce the settlement agreement. The court, however, held that the plaintiff could introduce such evidence to prove the existence of the settlement:

> Here, Plaintiffs are not offering evidence of settlement negotiations to prove that Defendants are liable in the underlying action. Plaintiffs are proferring evidence of compromise to prove the compromise itself.
>
> "<u>One permissible use of compromise evidence that is universally acknowledged both in the case law and by treatise writers occurs in situations in which the compromise is itself the subject of the present action.</u>"… Also, the underlying purpose of Rule 408, encouraging settlements, is furthered by admitting evidence of alleged settlement agreements. [Defendant's] position would allow lawyers to negotiate and reach agreement on settlements, violate them at will, and then exclude all evidence of the negotiations (effectively what is happening here). Permitting such an approach "would flout the policy of promoting compromises under the Rule."

865 A.2d at 1286 (quoting David P. Leonard, The New Wigmore – A Treatise On Evidence § 3.1.1 at 406-07 (2002) (emphasis added) and *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 294 (2d Cir. 1999)).

As in *Loppert*, Plaintiffs intend to introduce at the hearing evidence regarding the settlement negotiations and settlement agreement entered into by the parties during the

3

settlement conference held in Magistrate Judge Buchanan's chambers on January 14, 2010 for the sole purpose of enforcing the settlement agreement. Plaintiffs do not seek to introduce such evidence to establish Defendants' liability for the claims in the underlying action. Accordingly, Local Rule 83.6 does not prohibit the parties in this case from introducing testimony or other evidence regarding the settlement negotiations and resultant settlement agreement.

Dated: July 7, 2010

Respectfully submitted,

By:    /S/ Ryan C. Berry
Ryan C. Berry (Virginia Bar No. 67956)
Tara Lee (Virginia Bar No. 71594)
DLA PIPER LLP (US)
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Telephone: 703.773.4000
Facsimile: 703.773.5000
Ryan.Berry@dlapiper.com
Tara.Lee@dlapiper.com

David Clarke (admitted *pro hac vice*)
Michelle J. Dickinson (admitted *pro hac vice*)
Melissa R. Roth (admitted *pro hac vice*)
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone: 410.580.3000
Facsimile: 410.580.3001
David.Clarke@dlapiper.com
Michelle.Dickinson@dlapiper.com
Melissa.Roth@dlapiper.com

*Attorneys for Plaintiffs*
*Intersections Inc. and Net Enforcers, Inc.*

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 7th day of July, 2010, I will electronically file the foregoing Response to Motion for Leave to File Brief and Exhibits Under Seal and For Conditional Order to Permit Former Counsel to Testify to with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Timothy J. McEvoy
    Cameron McEvoy, PLLC
    11325 Random Hills Road
    Suite 200
    Fairfax, VA 22030
    (703) 273-8898
    Email: tmcevoy@cameronmcevoy.com

    *Counsel for Defendant Joseph C. Loomis*

    Eugene W. Policastri
    Bromberg Rosenthal LLP
    401 N. Washington St., Suite 500
    Rockville, MD  20850
    (301) 251-6200
    Email:  ewpolicastri@brsglaw.com

    *Counsel for Defendant Jenni M. Loomis*

     /S/ Ryan C. Berry
    Ryan C. Berry (Virginia Bar No. 67956)
    Attorney for Plaintiffs
    DLA PIPER LLP (US)
    1775 Wiehle Avenue, Suite 400
    Reston, Virginia 20190-5159
    Phone: (703) 773-4151
    Facsimile: (703) 773-5000
    Ryan.Berry@dlapiper.com