IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Intersections Inc. and Net Enforcers, Inc.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Joseph C. Loomis and Jenni M. Loomis,<br><br>    Defendants. | Civil Action No. 1:09CV597 (LMB/TCB) |

**PLAINTIFFS' SUPPLEMENT TO THEIR RESPONSE TO JOE LOOMIS'
OBJECTIONS TO DISQUALIFICATION OF EMIL W. HERICH AND
KEATS MCFARLAND & WILSON LLP**

Plaintiffs Intersections Inc. ("Intersections") and Net Enforcers, Inc. ("NEI") (collectively, "Plaintiffs") respectfully submit this Supplement to their Response to Defendant Joseph C. Loomis' ("Joe Loomis") Objections to Magistrate Judge's Decision on Nondispositive Matter and Request for Reconsideration by District Court of Magistrate Judge's Ruling (the "Objections") regarding the disqualification of Emil W. Herich and Keats McFarland & Wilson LLP ("Keats McFarland").

**I.    INTRODUCTION**

Since being disqualified by this Court on September 3, 2010, Mr. Herich has disregarded this Court's Disqualification Order and, with Joe Loomis, has intentionally tampered with Plaintiffs' witnesses. Despite being disqualified, Mr. Herich has met with and interviewed at least two of Plaintiffs' former employee witnesses in Arizona. Mr. Herich used the threat of subpoena to compel one such witness to meet with him to discuss issues related to this case. Mr. Herich drafted and obtained sworn declarations from that witness for use in this case. One declaration concerns the Protective Order issued by this Court prohibiting Joe Loomis from

contacting Plaintiffs' witnesses. The other declaration purports to clarify certain assertions made by the witness in an earlier declaration that Plaintiffs filed in support their motion for sanctions for Joe Loomis' intentional destruction of evidence. Further, Mr. Herich attempted to coerce that witness not to communicate with Plaintiffs' counsel in breach of his Termination Agreement, assuring the witness that the Indemnity Agreement Joe Loomis wrongfully entered into with the witness would cover him if Plaintiffs sued him. Judge Buchanan's decision to disqualify Emil Herich and Keats McFarland was correct. Mr. Herich's blatant violation of this Court's Disqualification Order and witness tampering provide this Court with additional grounds for disqualification. Joe Loomis' objections thus should be overruled.

## II. FACTS

### A. Mr. Loomis' Continued Witness Tampering and Violation of the Protective Order

On October 30, 2009, this Court issued a Protective Order prohibiting Joe Loomis and his then lead counsel, Hunter Humphrey and Yavitz of Phoenix, Arizona ("Arizona Counsel"), from contacting Plaintiffs, Plaintiffs' employees, and Plaintiffs' witnesses as a result of Joe Loomis' and Arizona Counsel's witness tampering and harassment. Mr. Loomis has disregarded the Protective Order and, with the assistance of certain attorneys including Mr. Herich, has continued tampering with Plaintiffs' witnesses.

On July 14, 2010, Mr. Loomis entered into a Release and Indemnity Agreement (the "Indemnity Agreement") with one of NEI's former employees and Plaintiffs' witnesses, Matthew Leberer. Declaration of Matthew Leberer, dated February 16, 2011, attached as <u>Exhibit 1</u> ("Leberer Decl."), ¶ 4 and Exhibit A. Mr. Leberer believes that Sheilah Snyder, another former NEI employee and Plaintiffs' witness, entered into a similar agreement with Mr. Loomis. *Id*. Under the Indemnity Agreement, Mr. Loomis released Mr. Leberer from any claims he has

related to Mr. Leberer's employment with NEI, Mr. Loomis' termination from NEI, and any other past dealings. Mr. Loomis further agreed to indemnify Mr. Leberer if he did not testify for NEI at trial and Plaintiffs sued him for breaching the Termination Agreement Mr. Leberer entered into when he ceased his employ with NEI in 2008:

> Further, Mr. Loomis hereby indemnifies Matthew Leberer from any and all liability and costs that could result from any actual or alleged breach by Mr. Leberer of his Termination Agreement dated November 17, 2008. This indemnification is total and complete, it includes any resulting liability for such actual or alleged breach including attorney's fees, damages and court costs, provided Mr. Leberer cooperates in his own defense.

*See id.*, at Exhibit A. The Termination Agreement contains a provision that requires the witnesses, for a period of five years ending in 2013, to "cooperate fully and reasonably with [NEI] in connection with any future or current pending matter, proceeding, litigation or threatened litigation with respect to which the Employee was involved or has personal knowledge," including testifying at trial. A copy of the Termination Agreements between NEI and Mr. Leberer and Ms. Snyder are attached as Exhibits 2 and 3, respectively.

Both Mr. Leberer and Ms. Snyder have personal knowledge and intended to testify for Plaintiffs regarding, among other things, Mr. Loomis' intentional destruction of evidence, forcing employees (including them) to work for his company Loomis Enterprises on NEI time, and failure to devote 100% of his time to NEI as per his Employment Agreement. Indeed, Mr. Leberer provided a sworn declaration in support of the Motion for Sanctions pending before this Court regarding Loomis' intentional destruction of evidence (the "Spoliation Motion Declaration"). A copy of the Spoliation Motion Declaration is attached as Exhibit 4. At the time the parties were preparing for trial last year, Ms. Snyder had obtained an Injunction Against Harassment against Mr. Loomis for threatening to seriously harm her. A copy of the Injunction

3

Against Harassment is attached as <u>Exhibit 5</u>. Upon information and belief, Ms. Snyder now intends to testify at trial for Mr. Loomis. *See* Declaration of Melissa Roth attached as <u>Exhibit 6</u>.

### B. Mr. Herich's Violation of the Disqualification Order and Witness Tampering

On September 3, 2010, Magistrate Judge Buchanan disqualified Mr. Herich and his law firm, Keats McFarland, from participating as counsel for Mr. Loomis in this case because of an ethical conflict of interest that Plaintiffs would not waive (the "Disqualification Order"). Mr. Loomis thereafter filed Objections to the Disqualification Order. This Court denied Mr. Loomis' Objections moot on November 3, 2010, leaving in effect the disqualification of Mr. Herich and Keats McFarland from this action. Mr. Herich, however, disregarded the Disqualification Order and continued participating in this case.[1]

In late October or early November of 2010, two months after this Court disqualified Mr. Herich from this case, Mr. Herich approached Mr. Leberer and Ms. Snyder at a restaurant and identified himself as Mr. Loomis' counsel. Leberer Decl. at ¶ 6. Ms. Snyder previously had asked Mr. Leberer to meet with one of Mr. Loomis' attorneys, but Mr. Leberer had refused, so she and Mr. Herich set up this "ambush" meeting without Mr. Leberer's knowledge. *Id*. Mr. Herich told Mr. Leberer that Mr. Loomis was sorry for everything that had happened and that Mr. Loomis would like the opportunity to apologize to Mr. Leberer. *Id*. at ¶ 7. Ultimately, Mr. Herich threatened Mr. Leberer with a subpoena to convince Mr. Leberer to meet with him to discuss the Spoliation Motion Declaration which Mr. Leberer had signed and which Plaintiffs

---

[1] Although the U.S. Bankruptcy Court for the District of Arizona (the "Bankruptcy Court") routinely granted Mr. Loomis' ex parte motion to employ Mr. Herich as special counsel for certain litigation matters on August 10, 2010, the Bankruptcy Court's decision had no effect on this Court's Disqualification Order or Mr. Herich's ability to participate in this case. Plaintiffs filed a motion for reconsideration on the ground, among others, that Mr. Herich failed to disclose his law firm's connection with NEI, which was denied on September 16, 2010. The Bankruptcy Court has never addressed the conflict of interest issue, except in relation to Mr. Herich's disclosures.

4

had filed in this Court in support of their Motion for Sanctions related to Mr. Loomis' intentional destruction of evidence. *Id*. at ¶ 8. Mr. Leberer agreed to the meeting to avoid the hassle of dealing with the courts regarding a subpoena.[2] *Id*.

Mr. Herich met with Mr. Leberer and Ms. Snyder at Ms. Snyder's apartment for five or six hours on November 12, 2010. During the meeting, Mr. Herich had Mr. Leberer sign two declarations that Mr. Herich had drafted for this case – one concerning this Court's Protective Order and one concerning Mr. Leberer's Spoliation Motion Declaration and various issues related to the claims in this case. *Id*. at ¶¶ 10-13. Mr. Herich placed the case caption for this case on both declarations. *See id.*, Exhibits A and B. At Mr. Herich's request, Mr. Leberer asserted in the Declaration regarding the Protective Order that in spite of the prohibition on Mr. Loomis contacting him, he wanted the right to be able to contact Mr. Loomis should the need arise, such as for reference purposes, as Mr. Loomis was his former boss. *Id. at* ¶ 11. Mr. Leberer believed that he could only obtain the right to contact Mr. Loomis if he agreed to permit Mr. Loomis to contact him and thus asserted that he wanted Mr. Loomis to be able to contact him as well. *Id.* Mr. Leberer signed the other Declaration because Mr. Herich told him that if he did end up testifying at trial in this case, he may be accused of lying if he did not clarify certain statements. *Id.* at ¶ 12. Mr. Herich further advised Mr. Leberer that Mr. Leberer did not need to talk to Plaintiffs' counsel, despite his Termination Agreement, because Mr. Loomis had agreed to indemnify him via the Indemnity Agreement if Plaintiffs sued him for refusing to assist in or testify at trial in this case. *Id*. at ¶ 9.

---

[2] Although Mr. Herich was special counsel to Mr. Loomis' bankruptcy estate for certain litigation matters, Mr. Herich sought information related to this case and Mr. Leberer had no information related to the bankruptcy estate.

### III.     ARGUMENT

In addition to the reasons provided in Plaintiffs' original response to Mr. Loomis' Objections, disqualification of Emil Herich and Keats McFarland is warranted because Mr. Herich has violated this Court's Disqualification Order and has tampered with at least one, if not two, of Plaintiffs' witnesses. Since being disqualified by this Court, Mr. Herich has met with and interviewed at least two of Plaintiffs' former employees, Mr. Leberer and Ms. Snyder, who intended to testify for Plaintiffs at trial. Mr. Herich used the threat of subpoena to compel Mr. Leberer to meet with him at Ms. Snyder's house, despite the fact that he no longer had the authority to issue such a subpoena in this case. The sole purpose of Mr. Herich's meeting with Mr. Leberer and Ms. Snyder, which lasted five or six hours, was to discuss issues related to this case. Indeed, Mr. Herich drafted two declarations for Mr. Leberer to sign during that meeting. One of the declarations concerns the Protective Order issued by this Court prohibiting Joe Loomis from contacting Plaintiffs' witnesses. Mr. Leberer asserted that he wanted to be free to contact Mr. Loomis, as his former boss, if necessary (e.g., to obtain a reference). Mr. Leberer also asserted that he wanted Mr. Loomis to be able to contact him because he believed, after talking with Mr. Herich, that would be the only way to effectuate his right to contact Mr. Loomis. Mr. Herich had Mr. Leberer sign the other declaration to "clarify" certain assertions made by Mr. Leberer in an earlier declaration that Plaintiffs filed in support their motion for sanctions for Joe Loomis' intentional destruction of evidence. The new declaration addresses Mr. Loomis' destruction of evidence, time devoted to Loomis Enterprises when he was supposed to be working for NEI, and diversion of assets to Loomis Enterprises – all issues related to this case. If there were any question as to the purpose of the declarations, Mr. Herich placed this case's caption at the top of both declarations. Indeed, Mr. Herich could have prepared the declarations with no case caption at all. There is, however, no use for these declarations other

than for this case. Mr. Herich's activities constitute participation in this case in violation of the Disqualification Order.

Further, Mr. Herich has intentionally tampered with Plaintiffs' witnesses. Mr. Herich attempted to coerce Mr. Leberer to disappear from this case, i.e., to not communicate with Plaintiffs' counsel in breach of his Termination Agreement. Mr. Herich assured Mr. Leberer that the Indemnity Agreement Joe Loomis wrongfully entered into with Mr. Leberer would cover him if Plaintiffs sued him. In addition, Mr. Leberer believes that Mr. Loomis' and Mr. Herich's efforts regarding Ms. Snyder were effective and that she now intends to testify on behalf of Mr. Loomis instead of Plaintiffs, despite the fact that she feared for her safety because of Mr. Loomis just a year ago. Mr. Herich's tampering with Plaintiffs' witness(es) renders him unfit to be admitted *pro hac vice* in this Court.

This Court properly found that, based upon the evidence, Emil Herich and Keats McFarland should be disqualified from representing Joe Loomis against NEI in this case. Mr. Herich has provided this Court with additional grounds for disqualification by violating the Court's Disqualification Order and by tampering with Plaintiffs' witnesses.

Dated: February 24, 2011             Respectfully submitted,

                                     By:    /s/
                                        Ryan C. Berry (Virginia Bar No. 67956)
                                        Tara Lee (Virginia Bar No. 71594)
                                        Attorneys for Plaintiffs
                                        DLA PIPER LLP (US)
                                        1775 Wiehle Avenue, Suite 400
                                        Reston, Virginia 20190
                                        Telephone: 703.773.4000
                                        Facsimile: 703.773.5000
                                        Ryan.Berry@dlapiper.com
                                        Tara.Lee@dlapiper.com

         David Clarke (admitted *pro hac vice*)
         Michelle J. Dickinson (admitted *pro hac vice*)
         Melissa R. Roth (admitted *pro hac vice*)
         DLA Piper LLP (US)
         6225 Smith Avenue
         Baltimore, Maryland 21209
         Telephone:  410.580.3000
         Facsimile:    410.580.3001
         David.Clarke@dlapiper.com
         Michelle.Dickinson@dlapiper.com
         Melissa.Roth@dlapiper.com

         *Attorneys for Plaintiffs*
         *Intersections Inc. and Net Enforcers, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of February, 2011, I will electronically file the foregoing Plaintiffs' Supplement to Their Response to Defendant Joseph C. Loomis' ("Joe Loomis") Objections to Magistrate Judge's Decision on Nondispositive Matter and Request for Reconsideration by District Court of Magistrate Judge's Ruling with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

      Timothy J. McEvoy
      Cameron McEvoy, PLLC
      11325 Random Hills Road
      Suite 200
      Fairfax , VA 22030
      Email: tmcevoy@cameronmcevoy.com

*Counsel for Defendant Joseph C. Loomis*

      Eugene W. Policastri
      Bromberg Rosenthal LLP
      401 N. Washington St., Suite 500
      Rockville, MD  20850
      Email:  ewpolicastri@brsglaw.com

*Counsel for Defendant Jenni M. Loomis*

      /s/
      Ryan C. Berry (Virginia Bar No. 67956)
      Attorney for Plaintiffs
      DLA PIPER LLP (US)
      1775 Wiehle Avenue, Suite 400
      Reston, Virginia 20190-5159
      Phone:  703.773.4000
      Facsimile: 703.773.5000

EAST\44280599.1